# COUNTY OF SUFFOLK



**STEVEN BELLONE**
SUFFOLK COUNTY EXECUTIVE

| | |
|---|---|
| **DENNIS M. BROWN**<br>COUNTY ATTORNEY | **DEPARTMENT OF LAW** |

September 29, 2017

Judge Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    Joaquin Orellana Castaneda v. U.S. Department Of Homeland Security, et al
            Docket No.: 17-cv-4267

Dear Judge Bianco:

The Suffolk County Attorney's office represents Suffolk County Defendants, County of Suffolk, Suffolk County Sheriff's Office ("SCSO"), Steven Bellone as Suffolk County Executive in his official capacity, and Vincent Demarco, Suffolk County Sheriff, in his official capacity. The County Defendants are sued, along with "Federal Defendants" (DHS, ICE, et. al.) in this civil rights lawsuit. The Federal Defendants have previously moved this Court for a pre-motion conference regarding their anticipated motion to dismiss the Amended Complaint [DE 14]. On behalf of the County Defendants, and pursuant to Rule 3 of Your Honor's Individual Practice Rules, the County Defendants respectfully join in the application for a pre-motion conference. The County Defendants anticipate advancing arguments for dismissal of the Amended Complaint as against the County, and to the extent that some arguments overlap, the County Defendants hereby adopt each and every factual allegation and legal argument advanced by the Federal Defendants as if set forth herein.

Preliminarily, it appears that Steven Bellone and Vincent DeMarco are sued solely as heads of department. It is well established that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); see also *Gurrieri v. The County of Suffolk et al*, 2014 WL 2200913 (E.D.N.Y. May 27, 2014). Moreover, the Suffolk County Sheriff's Office is not a suable entity since it is an arm of the County, and claims against it are deemed duplicative of those against the County. *Hubbs v. Cnty. of Suffolk*, 2014 WL 2573393, at *7 (E.D.N.Y. June 9, 2014). Accordingly the County will seek to have all claims against Bellone, Demarco and the SCSO dismissed as duplicative claims against the County.

As to the substance of the claims, Plaintiff Joaquin Orellana Castaneda ("Orellana") alleges that his rights were violated by the County, in violation of the Fourth and Fourteenth Amendments of the United States Constitution, as well as the due process clauses of the New York State Constitution, when he was held by the SCSO pursuant to an ICE detainer, after having made bail on his underlying criminal matter. Plaintiff had been arrested on April 23, 2017 at about 4:15 a.m. for driving on a public sidewalk, and was

charged with Driving While Intoxicated and traffic violations/infractions. Plaintiff was arraigned and bail was set. Documents attached to the complaint show that bail was made on April 24, 2017 at about 4:12 p.m. However, Plaintiff was not released, but rather held pursuant to an ICE detainer and accompanying I-200 administrative warrant, which authorized the arrest of Orellana as he was "removable from the United States." ICE's determination was based upon statements made voluntarily by Plaintiff to an immigration officer and/or other reliable evidence that affirmatively indicated the subject either lacks immigration status or notwithstanding such status, is removable under U.S. immigration law, which was duly noted on both the detainer and administrative warrant. (*Am. Compl.*, *Exs. B & C*).

Although the Amended Complaint alleges that Plaintiff was transferred to ICE custody on April 27, 2017 (more than 48 hours after he made bail, see, *Am. Compl.* ¶ 17) the documentation from the SCSO shows that Plaintiff was actually transferred from the SCSO into ICE custody on April 26, 2017 at 5:03 a.m., less than 48 hours after bail was posted. The County will ask that this Court consider this documentary proof as to the duration Plaintiff was held by the SCSO, since the "complaint is deemed to include … materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." (*Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); Fed. R. Civ. P. Rule 10(c)).

As to Plaintiff German Hernandez Argueta ("Hernandez"), Plaintiff was incarcerated at the Suffolk County Correctional Facility for the crime of false personation (having reported his name to police as "Jose Salmenton"), on which a Suffolk County judge set bail that Plaintiff did not post. On August 18, 2017 Plaintiff pled guilty to a reduced charge and was sentenced to "time served." Though Plaintiff claims that "within 48 hours, absent relief from this Court, SCSO will transfer custody of Hernandez to ICE" (see, *Am. Compl.* ¶ 28), the facts show that ICE took custody of Hernandez on the same day, August 18, 2017, pursuant to the warrant which had been served upon the SCSO. SCSO records show this transfer of custody from the SCSO to ICE, and the County will request that the Court consider these records as they, too, are "integral to the complaint." See, *Sira, supra;* F.R.C.P. 10(c). Since Hernandez has not been in the custody or under the control of Suffolk County since August 18, 2017, his request for immediate relief from Suffolk County is moot. Further, as was the case with Plaintiff Orellana, the detainer and administrative warrant showed probable cause for Hernandez's arrest as he "is removable from the United States," the basis documented as "statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicates the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law."

As it relates to Suffolk County, both Plaintiffs challenge the purported policy and practice of the SCSO of complying with the ICE detainers, by detaining individuals without judicial authorization past the time when they are due to be released. Plaintiffs allege that it was this policy that led to the unlawful treatment against Plaintiffs, denying them of their rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and under the First Article of the New York Constitution. *Am Compl.* ¶ 2. Specifically, Plaintiffs argue such detentions are unsupported by probable cause and without due process protections and violate Plaintiffs' constitutional rights. (*Id*.) Plaintiffs further complain that their detention by the SCSO was unlawful since it was not based upon a warrant of arrest in removal proceedings or a deportation order, nor did the detainers document particularized reasons to

believe that the specific detainee at issue was likely to escape before a warrant could be obtained  (*Am. Compl.* ¶ 43).  Finally, Plaintiffs complain that neither ICE nor the SCSO provides an administrative procedure for challenging the issuance of a detainer. (*Am. Compl.* ¶ 44).

The County submits that there are no claims for relief that are plausible against the County of Suffolk.  See, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  First, as outlined by the Federal Defendants, there is legal, regulatory, and constitutional authority for ICE's issuance of detainers and accompanying administrative warrants, as were issued in the instant case.  See, *Fed. Defendants' letter*, DE 14.  Consistent with that authority, the detainer forms and accompanying warrants indicated that ICE had probable cause to detain the individuals as a removable alien, and the basis for that determination.  These detainers, viewed by Courts as mere "requests" and not legally binding mandates, were properly served upon the Suffolk County Sheriff's Office, a cooperating local law enforcement agency, that works closely with ICE at the Suffolk County Correctional Facility, as ICE (not the SCSO) carries out its statutory duty to identify, apprehend, and remove illegal aliens from the United States.  The fact that the SCSO chose to honor the request, and detain the individuals for not more than 48 hours *based upon the probable cause for the individuals' arrest,* is therefore not unreasonable and defeats Plaintiffs' claims of an unconstitutional detention.  See *Figueroa v. Mazza,* 825 F.3d 89, 99 (2d Cir. 2016) ("The existence of probable cause to arrest-even for a crime other than the one identified by the arresting officer-will defeat a claim of false arrest under the Fourth Amendment."); see also *Simpson v. City of New York,* 793 F.3d 259, 265 (2d Cir. 2015) ("A finding of probable cause is a complete defense to false arrest claims").

Most important to this analysis, the cooperation afforded by the SCSO with ICE's detainer policy is lawful, and there is nothing to suggest otherwise.  Plaintiffs can point to no statute or case law, including *Arizona v. United States*, 567 U.S. 387 (2012), a seminal case analyzing local and federal powers relating to immigration enforcement, that prohibit such cooperation.  As outlined above, the SCSO works closely with ICE, such that ICE agents are assigned to work within the SCSO to carry out their own duties as ICE officers.  Moreover, as the fellow officer rule, or "collective knowledge doctrine" has been recognized by the United States Supreme Court (see, *United States v. Hensley,* 469 U.S. 221, 230–33 (1985)) and exists as a matter of public policy (see, *United States v. Valez,* 796 F.2d 24, 28 (2d Cir.1986)), there is no reason to conclude that the SCSO may not rely upon ICE's probable cause determination that the subjects are removable from the United States, when accompanied by facts supporting probable cause to arrest, as was the case here.  Thus it was not unreasonable for the SCSO to hold Plaintiffs for (no more than) 48 hours as requested in the detainer, which was accompanied by a lawfully issued administrative arrest warrant and supported by probable cause.

To the extent that this Court determines that the claims against the individually named County Defendants, Bellone and DeMarco, should go forward, these defendants are entitled to qualified immunity.  *Mullenix v. Luna*, 136 S. Ct. 305, 308-09 (2015); *Russo v. City of Bridgeport*, 479 F.3d 196, 211 (2d Cir.2007).  Finally, as Plaintiffs failed to file a notice of claim against the County or its officers, the County will seek to dismiss the state claim pursuant to NYGML § 50-e(1)(A) and NY County Law § 52.

The undersigned thanks the Court for its anticipated consideration.

Respectfully submitted,

Dennis M. Brown
County Attorney

*s/ Megan O'Donnell*

By: Megan O'Donnell
    Assistant County Attorney


CC:    All attorneys of record *(VIA ECF)*