# COUNTY OF SUFFOLK



**STEVE BELLONE**
**SUFFOLK COUNTY EXECUTIVE**

**DENNIS M. COHEN**  **DEPARTMENT OF LAW**
**COUNTY ATTORNEY**

February 2, 2021

Hon. Arlene R. Lindsay, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Castaneda v. County of Suffolk, et al.*
17-cv-4267(WFK)(ARL)

Dear Judge Lindsay,

This Office represents the County of Suffolk Defendants in the above referenced action. We submit this letter in opposition to plaintiffs' recent letter motion to compel certain discovery. (See DE 90). Plaintiff s' claim relates to the detention of inmates at the Suffolk County Jail pursuant to ICE detainers and warrants beyond the time they would have been released had there been no detainer and warrant. Pursuant to the detainer and warrant the Jail held an inmate up to 48 hours after his local release time to facilitate an opportunity for an ICE representative to take the inmate into custody. Plaintiffs allege that this conduct was unconstitutional. Defendants submit that the detainer and warrants were sufficient to hold the subject inmate for the designated period.[1] Of significance is that since the issuance of a decision by the New York State Appellate Division Second Department in the matter of *People ex rel. Wells v. DeMarco*, 2018 WL 5931308 (November 14, 2018), and up until the present, the Jail has not held any inmate based upon an ICE detainer and/or warrant.

Throughout the pendency of discovery in this case the parties have engaged in frank and good faith exchange of information and the production of documents. This has included an in-person meeting between the attorneys for the plaintiffs and representatives from the County Attorney's Office, including the County Attorney himself, and administrative representatives from the Jail in an effort to settle the matter. Similarly, the County has on more than one occasion, including prior to providing formal responses to requests for documents and interrogatories, represented to the plaintiffs' counsel that the Jail has not held an inmate pursuant to an ICE detainer or warrant since the issuance of the *Wells* decision.

Now, based upon a response to an interrogatory that detailed the County's policy regarding the detention of inmates, *at the time when the Jail was detaining inmates pursuant to ICE detainers*

---

[1] As the Court is a ware, the defendants have moved to dismiss the complaint pursuant to FRCP 12(b)(6).

*and warrants*, the plaintiffs claim they are entitled to further discovery of inmate jackets for *all* inmates in the jail for an arbitrarily designated month *after* the Jail no longer detained inmates. It is the plaintiffs position that the response establishes an admission by the County that we do in fact continue to detain inmates. Perhaps, based on a reading of this single response, without any prior communication between the parties, or subsequent discussions , the plaintiffs representation may have some basis. However, based upon prior representations to counsel (See Ex. A email with Sheriff's Memo regarding *Wells* decision), and subsequent clarifications (See Exhibit B email to Attorney Restagno), the defendants submit that the plaintiffs' representation in their letter motion is disingenuous. I am reluctant to take this position as we have, to date engaged in meaningful, cooperative and frank discovery.

With the above in mind, it is the position of the defendants that the request for production of records of all inmates, for a time period which post-dates the date that the Jail stopped holding inmates on ICE detainers is simply not relevant to their claim. As noted by the plaintiffs, the defendants have provided the plaintiffs with over 800 separate inmate jackets for those persons who were detained pursuant to ICE detainers and warrants for the years 2014 through 2018. We have no objection to providing the plaintiffs with inmate jackets for persons detained passed their local release time on an ICE warrant after November of 2018, however, there are no such records as none were detained. As offered in my email to Mr. Restagno, should the plaintiff desire some additional representation, beyond that of counsel, such as a sworn affidavit from a representative of the Sheriff's Office, we do not object.

To the extent the plaintiff "wonders why SCSO continues to accept [ICE detainers] without objection", the ability of law enforcement agencies to simply notify other law enforcement agencies that they have an interest in taking an individual into custody makes common sense and is a rather effective law enforcement tool; and remains constitutionally permissible. As part of continuing discovery, the defendants have provided the plaintiffs with hundreds of emails after the Jail stopped holding inmates between Record Room officers at the Suffolk County Jail and representatives from ICE notifying them that an inmate is going to be released from the Jail. (See Ex. C letter to plaintiff's counsel) It is then incumbent upon the ICE official to take whatever action they choose to take that person into custody after they have been released from the facility. Notwithstanding these hundreds of notifications, which include the names of many of the subjects, the plaintiffs have not produced a single individual that claims he or she were detained pursuant to an ICE detainer or warrant after November 2018.

Regarding plaintiffs request for inmate jackets from the "pre-Wells" period, they too have no relevance to the plaintiffs' claim that they were detained unlawfully. All inmate jackets of those individuals who were detained pursuant to ICE Detainers and Warrants have been provided to the plaintiff. Inmate jackets for those who were not subject to an ICE detainer and warrant can have no bearing on whether the ICE detainers and warrants were constitutionally sound; which is the sole issue in this litigation. Moreover, I have been advised that a single month of inmate records would amount to close to 1400 jackets. In light of the probative discovery already provided, such an unsupported and burdensome request is not proportional to the needs of this case. See, Rule 26(b)(1); *McDevitt v. Suffolk County*, No. 16 CV 4164 at *2 (E.D.N.Y March 30, 2018), *Sibley v. Choice Hotels Int'l*, 2015 WL 9413101, at *2 (E.D.N.Y. Dec. 22, 2015) (recognizing that "the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs of the case.'").

*30 (b)(6) witness*

The plaintiffs have requested that the County produce a 30(b)(6) witness to testify regarding specific facts relating to the actual detention and transfer of the individually named defendants to ICE. The defendants objection to such a request is not so much that it requests a 30 (b) witness to testify as to facts, but more specifically to testify as to facts which the previously produced non-party witnesses were most familiar. As noted in the case cited by the plaintiffs, *Alheid v. Target Corp.*, 2017 WL 4174929:

> Rule 30(b)(6) was intended to address the problem that arises when the party seeking discovery from an entity does not know which individuals within the entity have knowledge of the relevant facts. It addresses the problem by permitting the party seeking discovery to identify the topics with respect to which discovery is sought and then imposing an obligation on the party from which discovery is sought to produce a witness or witnesses prepared to testify with the knowledge of the entity concerning the specified topics…."Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject." *Alheid v. Target Corp.,* No. 16CIV6980PGGHBP, 2017 WL 4174929, at *1–3 (S.D.N.Y. Aug. 29, 2017).

In our responses to document requests and interrogatories, the defendants identified the individuals who were involved in the release and transfer of the two individually named plaintiffs and produced them for deposition. (Sergeants Hennigan and Ervolino). As such, they were the persons most familiar with the specific facts relating to the individual plaintiffs. They also testified regarding the general procedure regarding how and when the jail was notified of an ICE detainer and warrant. At times they were asked about events relating to the actual physical delivery of the detainer and warrant and service upon the individual plaintiffs and truthfully answered that they did not know or could not remember. This is not unusual considering there were hundreds of similar transfers involving other inmates. That the plaintiffs neglected to make inquiry regarding other facts surrounding the transfer of the plaintiffs should not give rise to the County having to produce additional witnesses to cure that error under the guise of 30(b). However, to resolve this issue reasonably, we do not object to permitting the plaintiffs an opportunity to re-depose the two Sergeants about the facts they seek, but we have also advised the plaintiffs that neither has an independent recollection regarding these specific facts, nor does a review of the inmates files refresh their recollections.

Based on the above we respectfully submit that the plaintiffs' motion to compel discovery be denied in its entirety.

Respectfully submitted,

Dennis M. Cohen
Suffolk County Attorney

*/s/ Brian C. Mitchell*
By: Brian C. Mitchell
Assistant County Attorney

CC: All counsel via ECF