**D'Arcangelo, Cheryl**

| | |
|---|---|
| **From:** | Mitchell, Brian |
| **Sent:** | Monday, October 19, 2020 4:39 PM |
| **To:** | frestagno@winston.com |
| **Subject:** | Castaneda - Proposed affidavit re Video system at the Suffolk jail |
| **Attachments:** | Robert Scalia proposed affidavit re video system.docx |

Hi Frank,

Attached is a proposed draft of the affidavit we would provide to the plaintiffs relating to the video system at the jail.    Let me know if there is any additional information you are seeking that you may want covered in the affidavit.

Regarding the emails from the Suffolk.records@suffolkcountyny.gov account, as of September 10, 2020 there were 1,368 emails received at that address and 189 emails sent from that address since the date of its creation.

We are checking to see if emails were sent prior to the creation of the Suffolk.records@suffolkcountyny.gov account, and will keep you informed.

Also, I took a look at the County's response to Interrogatory # 6 and per FRCP 33(d) it makes reference to previously provided Sheriff's Department Documents and memoranda. This would include the memo we provided to you from Sheriff Toulon indicating that as of the Wells decision in Nov. 2018 the Sheriff's Office is no longer holding inmates on ICE detainers.    The description that follows that in the interrogatory response referred to the pre-Wells process.    Also, please see the representations made in the email below from September 30, 2019.    Again, I am willing to provide you with additional confirmation that the Suffolk County Sheriff's Office has followed the Wells decision since it was announced and does not hold inmates on ICE detainers or warrants, should you so desire.

Thank you.

Brian


**From:** Mitchell, Brian
**Sent:** Monday, September 30, 2019 6:07 PM
**To:** 'Restagno, Frank' <FRestagno@winston.com>
**Cc:** Badini, Aldo A. <ABadini@winston.com>; Jose Perez <jperez@latinojustice.org>; Esperanza Segarra <esegarra@latinojustice.org>; Brown, Dennis <Dennis.Brown@suffolkcountyny.gov>; Flynn, Susan <Susan.Flynn@suffolkcountyny.gov>
**Subject:** RE: Orellana Castaneda et al. v. U.S. Dep't of Homeland Security et al., 17-cv-4267-RRM-ARL (E.D.N.Y.)

Hi Frank,

Attached you will see our general response and edits to your proposed stipulations. I wanted to speak with you because, as you will see, on the issue of attorney fees, we suggest that it be resolved by the Court by way of a motion separate and independent of the settlement with the individual plaintiffs. We don't have formal language saying this, I just noted it by typing it in caps. If we agree on that we can come up with formal language for that part.

As for the individual plaintiffs, we believe that $7500 each is reasonable. Each plaintiff spent two days in the Suffolk County Jail beyond that which he would have served had he not been detained. In my experience the damages for a day in jail (without some other claim such as denial of medical care, or being subjected to an assault by an inmate while incarcerated) range from around $500 a day up to around $5000 depending on the persons background and number of days they had already been incarcerated. That is why we think $7500 is reasonable. We have some flexibility with that number.

Regarding the policy that the jail will follow, we will agree to abide by the Wells decision, as we have done since the decision was announced. As we discussed at our in person meeting, the policy the jail is following right now is completely in line with the Wells requirements . We have not had an instance since Wells came down of a claim that an inmate was detained beyond that was legally permitted. Of course, we do not object to further discussing the matter, as it would be in all our interests to resolve the case through some kind of agreement. Thanks.

Brian