**WINSTON**
**& STRAWN**
LLP

North America   Europe   Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

ALDO A. BADINI
Partner
(212) 294-4601
abadini@winston.com

November 12, 2021

**By ECF**

Hon. William F. Kuntz, II
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Orellana Castaneda v. County of Suffolk et. al*, 2:17-cv-04267-WFK-ARL (E.D.N.Y.)

Dear Judge Kuntz,

We represent Plaintiffs in the above-referenced action. Pursuant to Rule 37(c) of the Federal Rules of Civil Procedure and Local Rule 37.3, Plaintiffs respectfully submit this letter-motion to strike the prejudicially untimely affidavit of Matthew Bogert (ECF No. 116-4), submitted as expert testimony in connection with defendants' opposition to plaintiffs' motion for summary judgment (the "Bogert Affidavit"). Alternatively, Plaintiffs request that the Court admit the rebuttal declaration of Plaintiffs' expert submitted with Plaintiffs' reply brief in support of their motion for summary judgment, which would have been submitted during the expert discovery period had defendants timely submitted their expert declaration. Counsel for the parties have met and conferred in good faith but have been unable to resolve this issue.

Plaintiffs served their expert declaration (the "Kruskol Declaration") on April 20, 2021. Ten days later, in a letter to the Court, Defendants acknowledged that "plaintiffs timely served their Rule 26 (a)(2) expert declaration," but requested an extension of the discovery deadline so that they could "diligently review[]" the files referenced in the Kruskol Declaration and determine if it would be "necessary to depose" Mr. Kruskol. ECF No. 93, at 1-2. In the same letter, Defendants stated that they would "*not be seeking to retain a rebuttal expert*, and [had] advised the plaintiffs of this decision." *Id* (emphasis added). Relying on this representation, Plaintiffs consented to the extension. On May 3, 2021, the Court granted the extension. *See* ECF Order Re. 93. After receiving all of the time they requested to "diligently review[]" the Kruskol Declaration, Defendants declined to depose Mr. Kruskol and never filed a rebuttal expert report. Discovery closed on May 28, 2021.

Months passed, during which the parties negotiated and requested from the Court multiple scheduling orders for class certification and summary judgment motions. *See, e.g.*, ECF Nos. 94, 105, 106. During that time, Defendants never indicated any intention to challenge Mr. Kruskol's opinions or methodologies. On October 21, 2021 – five months after the close of expert discovery – Defendants served Plaintiffs with their summary judgment opposition papers, including, for the first time, the Bogert Affidavit.

The Bogert Affidavit on its face is a belated attempt to rebut the Kruskol Declaration, belying Defendants' representation that they would not seek to retain a rebuttal expert. Mr. Bogert admits that the Affidavit is submitted to rebut "the calculations made and the methods used in reaching [the] findings" of the Kruskol Declaration based on Mr. Bogert's "review of the report

and findings of Mr. Krukol." Bogert Aff. at ¶13. Blindsided by this eleventh-hour expert disclosure in the middle of summary judgment briefing and afforded no opportunity to depose Mr. Bogert on the substance of his Affidavit (which is inconsistent with Suffolk County's own 30(b)(6) deposition testimony),[1] Plaintiffs hereby request that the Bogert Affidavit be stricken.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Rule is designed to avoid "gamesmanship" and "to provide a strong inducement for disclosure of Rule 26(a) material." *CSC Holdings, Inc. v. Berube*, No. 01-1650-DRH-MLO, 2004 WL 3541331, at *3 (E.D.N.Y. July 7, 2004) (internal quotation marks and citations omitted). In deciding whether to exclude an offending document, a court considers: "(1) [the party's] explanation for their failure to comply with the disclosure requirement; (2) the importance of the testimony of the potentially precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *BF Advance, LLC v. Sentinel Ins. Co., Ltd.*, No. 16-cv-5931-KAM-JO, 2018 WL 4210209, at *6 (E.D.N.Y. Mar. 20, 2018). These factors overwhelmingly favor striking the Bogert Affidavit.

*First*, given the passage of several months since Defendants misrepresented that they did not intend to seek a rebuttal witness, and the end of discovery, there can be no explanation for Defendants' failure to comply with Rule 26(a)(2)(D), which requires all expert disclosures "at the times and in the sequence that the court orders." As noted above, Mr. Bogert himself admits that the Bogert Affidavit is a direct response to Plaintiffs' expert report. Mr. Bogert underscores his "expertise" by noting that he has been "employed by the Suffolk County Sheriff's Department for twenty-seven years" and is "fully familiar with," among other things, "the process of inmate time calculation." Bogert Aff. at ¶¶2-3. As an expert disclosure, the Bogert Affidavit is inexcusably untimely. *See e.g.*, *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005) ("If the opinion rests in any way upon scientific, technical, or other specialized knowledge, its admissibility must be determined by reference to Rule 702, not Rule 701." (internal quotations omitted)); *United Sates v. City of New York*, No. 07–cv–2067-NGG-RLM, 2010 WL 2838386 (E.D.N.Y. July 19, 2010) (holding that employee defendant was an expert because his testimony was "beyond the realm of common experience and . . . require[d] the special skill and knowledge of an expert witness") (internal quotations omitted).

To the extent Defendants attempt to characterize Mr. Bogert as a fact witness, the Bogert Affidavit should still be stricken for Defendants' failure to identify Mr. Bogert in their initial disclosures. *Compare* Ex. A attached hereto (Defendants' initial disclosures identifying generally "personnel employed within the Suffolk County Sheriff's Department" *with* Fed. R. Civ. P. 26(a)(1)(A)(i) (initial disclosures must include "the name and, if known, the address and telephone number of each individual likely to have discoverable information … that the disclosing party may use to support its claims or defenses"); *see also King v. Akima Global Servs., LLC*, 323 F.R.D. 403, 410 (S.D. Fla. 2017) (holding that defendant "may not rely on any information provided by [witnesses not identified in initial disclosures] to support its summary judgment motion or to support its defenses at trial" and awarding plaintiffs' costs and fees for bringing sanctions motion).

*Second*, the importance of the Bogert Affidavit is minimal in light of the extensive

---

[1] Defendants respectfully refer the Court to their summary judgment reply brief (Dkt. 114-25 at 8-9) for a discussion of these discrepancies.

2

testimony that Suffolk County's own 30(b)(6) witness gave on the very same topics within the discovery period – testimony binding on the County that contradicts the untimely Bogert Affidavit. *Compare, e.g.*, Bogart Aff. ¶7 ("The use of a date that bail is posted for an inmate is not reliable") *with* Rule 30(b)(6) Dep. Tr. of Suffolk County at 275:7-21[2] ("Q: …"if I wanted to find out from the contents of this jacket the date and time at which an inmate would've been released from the Sheriff's Office custody, had ICE not lodged a detainer against him, where would I look? A: Bail receipt. Q: The bail and fine receipt; is that right? A. Yes.").

*Third*, Plaintiffs have been severely prejudiced. Plaintiffs agreed in good faith to extend the discovery deadline to give Defendants an opportunity to examine the Kruskol Declaration and consider deposing Mr. Kruskol, having been assured that Defendants were not seeking to retain a rebuttal expert. Defendants did not keep their promises. Instead, Defendants waited long past the close of discovery until the last possible moment – in opposition to Plaintiffs' motion for summary judgment – to serve the Bogert Affidavit, depriving plaintiffs of an opportunity either to depose Mr. Bogert on the substance of his affidavit or to submit their own declaration in reply. *See BF Advance*, 2018 WL 4210209, at *7 (striking untimely affidavit submitted with summary judgment motion where "defendant did not have an opportunity to depose [the expert] or offer a rebuttal expert, therefore prejudicing defendant" and collecting cases).

*Finally*, Defendants never sought an extension of the discovery deadline to submit a rebuttal affidavit in the five months that have passed since the close of discovery *despite seeking and securing a discovery extension* specifically to review the Kruskol Declaration. This weighs heavily against the possibility of a continuance. *See, e.g.*, *Spotnana, Inc. v. Am. Talent Agency, Inc.*, No. 09-cv-3698-LAP, 2010 WL 3341837, at *2 (S.D.N.Y. Aug. 17, 2010) ("[T]he closure of discovery four months ago also weighs strongly against the possibility of a continuance.").

Accordingly, the Bogert affidavit should be stricken and Plaintiffs should be awarded their fees for briefing this issue. *See* Fed. R. Civ. P. 37(c)(1)(a); *see also, e.g.*, *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979) (holding that the mildest sanction under Fed. R. Civ. P. 37(c)(l) is an order to reimburse the opposing party for expenses); *Fund Comm'n Serv. v. Westpac Banking Co.*, No. 93-cv-8298-KTD-RLE, 1996 WL 469660, at *8 (S.D.N.Y. Aug. 16, 1996) (precluding plaintiff from presenting expert evidence after the deadline for discovery and ordering costs, including attorneys' fees, incurred by defendant in preparing its motion).

If this Court declines to strike the Bogert Affidavit, Plaintiffs respectfully request that the Court admit the opinions set forth in the reply declaration of Sean M. Kruskol in connection with Plaintiffs' summary judgment reply brief (ECF No. 114-29) and in any trial of this matter.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

s/Aldo A. Badini

Aldo A. Badini

cc: All Counsel of Record (**By ECF**)

---

[2] Relevant excerpts of the 30(b)(6) deposition transcript of Suffolk County are attached hereto as Exhibit B.