UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOAQUIN ORELLANA CASTANEDA and GERMAN
HERNANDEZ ARGUETA, on behalf of
themselves and all others similarly situated,

                                                                Plaintiffs,

                    -against-

COUNTY OF SUFFOLK; STEVEN BELLONE,
*County Executive, County of Suffolk, in his Official Capacity*; SUFFOLK COUNTY SHERIFF'S OFFICE; ERROL TOULON, JR., *Sheriff, Suffolk County Sheriff's Office, in his Official Capacity*; and other individuals in charge to be identified,

                                                              Defendants.

17-cv-04267(WFK)(ARL)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO STAY PENDING APPEAL**

Served: February 14, 2024

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND .................................................................................................................... 2

    I.    THE DISCRETIONARY FACTORS WEIGH HEAVILY IN FAVOR OF A STAY PENDING APEAL ................................................................................................... 3

        A.    Defendants Are Likely to Succeed on the Merits ..................................................... 3

        B.    Defendants Will Suffer Irreparable Harm If No Stay Is Granted ............................ 7

        C.    Plaintiffs Will Not Be Prejudiced By a Stay Pending Appeal ................................. 8

        D.    The Public Interest Favors a Stay ............................................................................ 8

    II.    THIS COURT IS DIVESTED OF JURISDICTION PENDING APPEAL ..................... 9

CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apostol v. Gallion*,
  870 F.2d 1335 (7th Cir. 1989) ................................................................................................. 6

*Barani v. Dep't of Defense*,
  No. 12 Civ.2057(JPO), 2012 WL 1507208 (S.D.N.Y. Apr. 26, 2012) .................................. 1, 4

*Behrens v. Pelletier*,
  516 U.S. 299 (1996) ................................................................................................................ 7

*Castillo v. Snyders*,
  497 F. Supp. 3d 299 (N.D. Ill. 2020) ....................................................................................... 4

*Chiang v. Gonzales*,
  No. CV 05-03273 MMM (Ex), 2005 WL 8168158 (C.D. Cal. Dec. 7, 2005) ......................... 5

*Chin v. Wilhelm*,
  291 F. Supp. 2d 400 (D. Md. 2003) ......................................................................................... 5

*Cuevas v. Dep't of Homeland Sec.*,
  233 F. App'x 642 (9th Cir. 2007) ............................................................................................ 6

*Garcia v. Bloomberg*,
  No. 11 CIV. 6957 JSR, 2012 WL 3127173 (S.D.N.Y. July 27, 2012) ................................... 10

*Goncharuk v. Internal Revenue Serv.*,
  No. 21-CV-3424(WFK) (LB), 2021 WL 7710366 (E.D.N.Y. June 29, 2021) ........................ 5

*Griggs v. Provident Consumer Disc. Co.*,
  459 U.S. 56 (1982) .............................................................................................................. 9, 10

*Harlow v. Fitzgerald*,
  457 U.S. 800 (1982) ................................................................................................................ 7

*Hernandez v. United States*,
  939 F.3d 191 (2d Cir. 2019) .................................................................................................... 4

*Hightower v. United States*,
  205 F. Supp. 2d 146 (S.D.N.Y. 2002) ..................................................................................... 4

*In re World Trade Ctr. Disaster Site Litig.*,
  503 F.3d 167 (2d Cir. 2007) ............................................................................................ 3, 8, 9

*Kingsley v Bur. of Prisons*,
   937 F.2d 26 (2d Cir. 1991) .................................................................................................. 6

*Kotlyarsky v. U.S. Dep't of Justice*,
   No. 1:20-cv-09230 (PGG) (SDA), 2021 WL 6055267 (S.D.N.Y. Aug. 18, 2021) ..................... 5

*Loria v. Gorman*,
   306 F.3d 1271 (2d Cir. 2002) .............................................................................................. 7

*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*,
   945 F.2d 150 (6th Cir. 1991) ............................................................................................... 3

*Mitchell v. Forsyth*,
   472 U.S. 511 (1985) ............................................................................................................ 6

*Mohammed v. Reno*,
   309 F.3d 95 (2d Cir. 2002) .................................................................................................. 3

*Nat'l Rifle Ass'n of Am. v. Cuomo*,
   No. 1:18-CV-0566, 2022 WL 152534 (N.D.N.Y. Jan. 18, 2022) ........................................... 7

*New York v. Locke*,
   No. 08CV2503CPS RLM, 2009 WL 2413463 (E.D.N.Y. Aug. 3, 2009) ................................. 9

*Noel Pane v. Town of Greenburgh*,
   No. 07 CIV. 3216 (LMS), 2012 WL 12886971 (S.D.N.Y. Mar. 21, 2012) ......................... 7, 8

*Plummer v. Quinn*,
   No. 07 CIV. 6154 WHP, 2008 WL 383507 (S.D.N.Y. Feb. 12, 2008) .................................... 7

*Savage v. Gorski*,
   850 F.2d 64 (2d Cir. 1988) .................................................................................................. 8

*Settles v. U.S. Parole Comm'n*,
   429 F.3d 1098 (D.C. Cir. 2005) ........................................................................................... 6

*Shoman v. U.S. Customs and Border Protection*,
   No. 07-994, 2008 WL 203384 (W.D. Pa. Jan. 24, 2008) ...................................................... 5

*Spinale v. U.S. Dep't of Agric.*,
   621 F. Supp. 2d 112 (S.D.N.Y. 2009) .................................................................................. 6

*Thapa v. Gonzales*,
   460 F.3d 323 (2d Cir. 2006) ................................................................................................ 3

*Webb v. Smith*,
  No. CIV-15-213-DLR, 2016 WL 7666119 (D. Utah Jan. 22, 2016) ........................................... 5

**Statutes**

8 U.S.C. § 1357(g) ................................................................................................................... 4

8 U.S.C. § 1357(g)(8) .......................................................................................................*passim*

8 U.S.C. § 1357(g)(10) .....................................................................................................*passim*

28 U.S.C. § 1292(b) ................................................................................................................. 4

42 U.S.C. § 1983 ............................................................................................................. 5, 7, 8

**Rules**

Fed. R. Civ. P. 59(e) ................................................................................................................ 2

Local Civil Rule 6.3 ................................................................................................................ 2

Case 2:17-cv-04267-WFK-ARL    Document 174-1    Filed 02/14/25    Page 6 of 15 PageID #: 4658

Defendants County of Suffolk, Suffolk County Sherriff's Office, Steven Bellone, and Errol Toulon, Jr. (collectively "Defendants") respectfully submit this memorandum of law in support of their motion for a stay of proceedings in this Court pending resolution of their appeal of the Court's January 2, 2025 Decision and Order resolving the parties' cross motions for summary judgment (the "Appeal").

## PRELIMINARY STATEMENT

Defendants' Appeal raises significant issues concerning the liability and immunities of local and state governments and officials that cooperate with federal immigration enforcement—issues that have recently become all the more compelling.[1] Under 8 U.S.C. § 1357(g)(8), state and local officials who voluntarily cooperate with Immigration and Customs Enforcement ("ICE") personnel in, among other things, the detention of aliens under 8 U.S.C. § 1357(g)(10), "shall be considered to be acting under color of Federal authority for purposes of determining the liability, and immunity from suit, of the officer or employee in a civil action brought under Federal or State law."  8 U.S.C. § 1357(g)(8) thus squarely provides that Defendants here must be treated as federal actors for purposes of determining their liability and immunity from suit as to Plaintiffs' claims.  And as federal actors are immune from suit on the claims Plaintiffs have asserted—*see, e.g.*, *Barani v. Dep't of Defense*, No. 12 Civ.2057(JPO), 2012 WL 1507208, at *1 (S.D.N.Y. Apr. 26, 2012)—so too are Defendants.

---

[1] As explained *infra* p. 9 n.3, the U.S. Department of Justice ("DOJ") announced in just the last few weeks that local municipalities refusing to comply with the federal government's immigration-related "requests" would be investigated and prosecuted for violations of federal laws.  The DOJ also sued the State of Illinois and municipalities for their laws prohibiting compliance with immigration detainers.  See Declaration of Thomas E.L. Dewey in Support of Motion to Stay Pending Appeal ("Dewey Decl."), Ex. A.

Defendants accordingly respectfully request a stay of proceedings in this Court pending resolution of the Appeal. As explained below, the discretionary factors that courts consider in issuing a stay weigh heavily in favor of staying these proceedings, particularly as the next steps in this case are to prepare for trial of claims involving a class of hundreds of plaintiffs. That is all the more so since this Court is in any event now divested of jurisdiction over those claims.

## BACKGROUND

On July 1, 2024, this Court granted certification to the class of persons who, from July 18, 2014 through November 15, 2018, were detained by the Suffolk County Sherriff's Office ("SCSO") pursuant to immigration detainers issued by ICE. (DE 143, adopting DE 129, Report & Recommendation). Cross-motions for summary judgment followed and were fully briefed by December 6, 2024. (DE 150, 152, 160, 161). In their motion, Defendants sought summary judgment on all claims in Plaintiffs' Second Amended Complaint; Plaintiffs sought summary judgment only as to liability on their Section 1983 claim premised on alleged violations of the Fourth Amendment, and liability on their state law claim alleging violation of Article 1, Section 12 of the New York Constitution. (*See id.*).

On January 2, 2025, the Court issued a Decision and Order granting Plaintiffs' motion for summary judgment in its entirety and denying Defendants' motion in its entirety, except to dismiss Plaintiffs' Fourteenth Amendment substantive due process claim as duplicative. (DE 166). On January 16, 2025, Defendants moved for reconsideration under FRCP 59(e) and Local Civil Rule 6.3 or, in the alternative, an order pursuant to 28 U.S.C. § 1292(b) certifying the January 2, 2025 Decision & Order for appeal. (DE 167). Later that same day, the Court issued an "ORDER denying [Defendants'] Motion for Reconsideration." (Unnumbered January 16, 2025 Order). On February 11, 2025, Defendants filed a notice of appeal seeking interlocutory review of the Decision and Order. (DE 171). This motion for a stay follows.

# ARGUMENT

I. **THE DISCRETIONARY FACTORS WEIGH HEAVILY IN FAVOR OF A STAY PENDING APEAL**

"The four factors to be considered in issuing a stay pending appeal are well known: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). These factors are not considered in isolation and are instead analyzed on a "sliding scale" in which "[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other stay factors." *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006) (quoting *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002)). In particular, the moving party's burden of showing the probability of success is reduced when it shows that that it will face irreparable injury without a stay—and vice versa. *Mohammed*, 309 F.3d at 101 ("'The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff[ ] will suffer absent the stay. Simply stated, more of one excuses less of the other.'") (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

Here, all of these factors strongly support a stay.

**A. Defendants Are Likely to Succeed on the Merits**

The central issue on appeal is whether 8 U.S.C. § 1357(g)(8), a provision of the Immigration and Nationality Act ("INA"), shields Defendants from suit on Plaintiffs' claims. That provision states:

> An officer or employee of a State or political subdivision of a State *acting under color of authority under this subsection*, or any agreement entered into under this

3

subsection, *shall be considered to be acting under color of Federal authority for purposes of determining* the liability, and *immunity from suit*, of the officer or employee in a civil action brought under Federal or State law.

(emphasis added).

Here, Defendants were plainly "acting under color of authority under th[e] subsection" 8 U.S.C. § 1357(g) when they detained Plaintiffs pursuant to ICE detainers. 8 U.S.C. § 1357(g)(10) specifically provides that *even in the absence* of a formal cooperation agreement with ICE, "any officer or employee of a State or political subdivision of a State" may "cooperate with the [Secretary of Homeland Security] in the identification, apprehension, *detention*, or removal of aliens not lawfully present in the United States" (emphasis added). Accordingly, Defendants must be treated as federal actors "for purposes of determining the[ir] liability, and immunity from suit" in connection with their detention of Plaintiffs. *See Castillo v. Snyders*, 497 F. Supp. 3d 299, 306 (N.D. Ill. 2020) (holding that county sheriff acted under color of federal law pursuant to 8 U.S.C. § 1357(g)(10) in voluntarily cooperating with ICE in the detention of aliens without a formal cooperation agreement). This precludes Plaintiffs from pursuing their claims.

*First*, Defendants' status as federal actors means they are immune from Plaintiffs' state law claims arising under the New York Constitution. "The United States enjoys sovereign immunity 'from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Barani*, 2012 WL 1507208, at *1 (quoting *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980)). The federal government has not waived its sovereign immunity as to state constitutional claims, and so Defendants here have immunity from Plaintiffs' claims brought under Article 1, Section 12 of the New York State Constitution. *See Hernandez v. United States*, 939 F.3d 191, 205 (2d Cir. 2019) (plaintiff could not sue federal government for violation of New York constitution); *see also Hightower v. United States*, 205 F.

4

Supp. 2d 146, 154 n.4 (S.D.N.Y. 2002) ("[T]he New York State Constitution only permits suits against state actors acting under color of state law, and not against the federal government or federal employees acting under federal law"); *Webb v. Smith*, No. CIV-15-213-DLR, 2016 WL 7666119, at *1 (D. Utah Jan. 22, 2016) ("The United States has not waived its sovereign immunity for it and its officers to be sued for damages under the Utah Constitution"); *Shoman v. U.S. Customs and Border Protection*, No. 07-994, 2008 WL 203384, at *5 (W.D. Pa. Jan. 24, 2008) ("[T]here has been no showing that the United States has waived its sovereign immunity as to State constitutional claims"); *Chiang v. Gonzales*, No. CV 05-03273 MMM (Ex), 2005 WL 8168158, at *13 (C.D. Cal. Dec. 7, 2005) ("There is no statute that unequivocally waives the United States' sovereign immunity with respect to suits alleging violations of state constitutional provisions"); *Chin v. Wilhelm*, 291 F. Supp. 2d 400, 405 (D. Md. 2003) ("[T]he United States has not waived its sovereign immunity as to state constitutional claims").

*Second*, Defendants' status as federal actors under Section 1357(g)(8) also forecloses any liability under 42 U.S.C. § 1983.[2]  Again, the United States and its agencies and employees have sovereign immunity, which the United States has not waived, with respect to Plaintiffs' Section 1983 claims. *See Goncharuk v. Internal Revenue Serv.*, No. 21-CV-3424(WFK) (LB), 2021 WL 7710366, at *2 (E.D.N.Y. June 29, 2021) ("Unless Congress has specifically authorized an agency of the federal government . . . to be sued in its own name, an action may not be maintained against that agency.") (Kuntz II, J.), *aff'd*, 2022 WL 893689 (2d Cir. Mar. 28, 2022); *Kotlyarsky v. U.S. Dep't of Justice*, No. 1:20-cv-09230 (PGG) (SDA), 2021 WL 6055267, at *4

---

[2] Plaintiffs themselves conceded as much when they voluntarily withdrew their damages claim against the since-dismissed federal defendants after the federal defendants invoked sovereign immunity. (*See* DE 14, at 3 ("Plaintiffs' claims for compensatory damages brought against Federal Defendants . . . are barred by sovereign immunity"); DE 17, at 1 (". . . Plaintiffs are willing to withdraw their claim for compensatory damages as against the Federal Defendants")).

5

n.2 (S.D.N.Y. Aug. 18, 2021) ("Defendants are protected from suit under Section 1983 by sovereign immunity . . . the Court lacks jurisdiction over any claim . . . pursuant to Section 1983.") (citations omitted), *report and recommendation adopted*, 2022 WL 4547410 (S.D.N.Y. Sept. 28, 2022); *see also Cuevas v. Dep't of Homeland Sec.*, 233 F. App'x 642, 643 (9th Cir. 2007) ("DHS has not waived its sovereign immunity" and thus "dismissal of [plaintiff's] claims under [Section 1983] was proper."); *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1105-06 (D.C. Cir. 2005) (no jurisdiction over Section 1983 claim against federal agency). Further, it is axiomatic that Section 1983 claims may only be brought against officials acting under color of *state*, not *federal*, law, and so Section 1357(g)(8) precludes Plaintiffs from establishing a required element of those claims. *Kingsley v Bur. of Prisons*, 937 F.2d 26, 30 n.4 (2d Cir. 1991) ("An action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers."); *Spinale v. U.S. Dep't of Agric.*, 621 F. Supp. 2d 112, 119 (S.D.N.Y. 2009) ("Section 1983, only, provides a cause of action for the deprivation of constitutional rights committed by a person acting under color of *state* law.") (emphasis in original).

*Third*, the Second Circuit must consider these issues now, before any trial. *See Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989) ("The justification for the interlocutory appeal is that the trial destroys rights created by the immunity. It makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one."); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (permitting interlocutory appeal where defendant claimed "*immunity from suit* rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial") (emphasis in original).

For these reasons, Defendants respectfully submit that they are likely to succeed on the merits of the Appeal.

### B. Defendants Will Suffer Irreparable Harm If No Stay Is Granted

The harm Defendants would face if a stay is not granted is immense: they would be forced to stand trial—in a purported class action, no less—on claims for which they are immune from suit. This sort of harm is indisputably irreparable because the protection that immunity from suit is supposed to provide is "'effectively lost if a case is erroneously permitted to go to trial.'" *Loria v. Gorman*, 306 F.3d 1271, 1281 (2d Cir. 2002) (quoting *Mitchell*, 472 U.S. at 526).

Indeed, courts consider even the burdens of *discovery* to constitute irreparable harm to a litigant who enjoys immunity from suit. *See Nat'l Rifle Ass'n of Am. v. Cuomo*, No. 1:18-CV-0566, 2022 WL 152534, at *3 (N.D.N.Y. Jan. 18, 2022) (holding irreparable injury factor "weighs heavily" in defendant's favor where defendant would lose "one of the key protections" of immunity from suit by being forced to proceed with discovery); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (qualified immunity defense "is meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'") (quoting *Mitchell*, 472 U.S. at 526); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed.").

The degree of harm in being forced to stand *trial* in the face of a bona fide defense of immunity from suit is of course exponentially greater given the much greater material and psychological burdens that come with trial, and courts readily find irreparable harm—and grant stays pending appeal—in these circumstances. *See, e.g., Noel Pane v. Town of Greenburgh*, No. 07 CIV. 3216 (LMS), 2012 WL 12886971, at *4 (S.D.N.Y. Mar. 21, 2012) (defendant "would be irreparably harmed by the failure to grant a stay as he would lose any immunity from suit to which he might be entitled were he forced to go to trial at this juncture"); *Plummer v. Quinn*, No. 07 CIV. 6154 WHP, 2008 WL 383507, at *1 (S.D.N.Y. Feb. 12, 2008) ("[Defendant] will be

7

irreparably harmed if this case proceeds to trial because any immunity from suit to which she may be entitled will be lost before her appeal is decided. This factor weighs strongly in favor of staying further proceedings.")

### C. Plaintiffs Will Not Be Prejudiced By a Stay Pending Appeal

Plaintiffs, by contrast, will suffer no cognizable prejudice from the brief stay necessary to resolve Defendants' Appeal. As Defendants long ago ended the practice of cooperating with ICE detainer requests that Plaintiffs contend is unconstitutional, the only remedy Plaintiffs now seek is compensatory damages. *See, e.g.*, DE 152-1, at 8 (Statement No. 19: undisputed that SCSO stopped practice of enforcing ICE detainer requests "on or about November 15, 2018"). And a mere delay in award of monetary damages—absent exceptional circumstances such as the life-threatening injuries to a plaintiff—is *not* a reason to deny a stay pending appeal. *See Noel Pane*, 2012 WL 12886971, at *4 ("At whatever point in time the trial is held on [plaintiff's] Fourth Amendment and state law false arrest/false imprisonment claims related to her pre-arrest detention, she will be able to recover monetary damages as compensation for any injury that she can prove she suffered. Thus, the second factor does not weigh against granting a stay.") (internal citation omitted); *see also Savage v. Gorski*, 850 F.2d 64, 68 (2d Cir. 1988) (availability of money damages precludes finding that harm is irreparable); *cf. In re: World Trade Center*, 503 F.3d at 170 (finding that delay in monetary compensation to plaintiffs, many of whom had suffered "life-threatening injuries, some of whom have died since the litigation began" and faced extensive medical costs, outweighed harms to defendants seeking stay pending appeal).

### D. The Public Interest Favors a Stay

Finally, public interest considerations weigh heavily in favor of a stay pending Defendants' appeal. Courts recognize an inherent "public interest in vindicating the immunity of

any . . . Defendants who might be entitled to immunity from suit." *Id.* at 170.  That interest is all the more important here given recent developments in this area.[3]

There is no compelling public interest on the other side.  Again, the policies Plaintiffs allege were unconstitutional ended more than six years ago, many of the basic facts in this case are undisputed, and Plaintiffs seek only compensatory damages for the hours in which they contend they were improperly detained.  The issuance of a stay pending appeal will enable Defendants to proceed expeditiously with the appeal—which Defendants fully intend to do—and secure a determination whether they will be treated as federal actors when cooperating with the federal government in immigration enforcement, just as 8 U.S.C. § 1357(g)(8) contemplates.

## II.     THIS COURT IS DIVESTED OF JURISDICTION PENDING APPEAL

Even if the discretionary factors addressed above did not strongly support imposition of a stay pending appeal, as they do, the case cannot proceed in this Court while the Appeal remains pending because the Court lacks jurisdiction.  *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *New York v. Locke*, No. 08CV2503CPS RLM, 2009 WL 2413463, at *3 (E.D.N.Y. Aug. 3, 2009) (holding that because defendant had "a colorable claim to a sovereign immunity defense," the defendants' interlocutory appeal divested the court

---

[3] The DOJ recently stated that "[t]he Supremacy Clause and other authorities require state and local actors to comply with the Executive Branch's immigration enforcement initiatives" and that the DOJ would "investigate" instances in which "local actors [] resist[], obstruct[] and otherwise fail[] to comply with lawful immigration related commands and requests pursuant to . . . the Immigration and Nationality Act."  Dewey Decl., Ex. B, at 3.  The DOJ has further stated that "local actors may not impede, obstruct, or otherwise fail to comply with lawful immigration-related directives" and that the DOJ "and each U.S. Attorney's Office shall investigate incidents involving any such misconduct and shall, where supported by the evidence, prosecute violations of federal laws[.]"  Dewey Decl., Ex. C, at 3.

9

of jurisdiction); *Garcia v. Bloomberg*, No. 11 CIV. 6957 JSR, 2012 WL 3127173, at *1 (S.D.N.Y. July 27, 2012) ("An interlocutory appeal, unless frivolous, generally divests the district court of jurisdiction respecting the issues raised and decided in the order on appeal[.]").

Furthermore, while the filing of the notice of appeal only "divests the District Court of its control over those aspects of the case involved in the appeal," *Griggs*, 459 U.S. at 58, here Defendants are immune from each of Plaintiffs' claims, and so there are no claims on which to proceed while the appeal is pending.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully submit that their motion for a stay should be granted.

Dated: New York, New York
February 14, 2025

By: /s/ Thomas E.L. Dewey

Thomas E.L. Dewey
Sean K. Mullen
DEWEY PEGNO & KRAMARSKY LLP
777 Third Avenue – 29th Floor
New York, New York 10017
Tel.: (212) 943-9000
Fax: (212) 943-4325
tdewey@dpklaw.com
smullen@dpklaw.com

Christopher J. Clayton
Suffolk County Attorney
Anne C. Leahey
Assistant County Attorney
100 Veterans Memorial Highway
Hauppauge, New York 11788

*Attorneys for Defendants*

10