### DEWEY PEGNO & KRAMARSKY LLP
777 THIRD AVENUE  NEW YORK, NEW YORK  10017
PHONE: (212) 943-9000  FACSIMILE: (212) 943-4325
WWW.DPKLAW.COM

June 30, 2025

**VIA ECF**

Hon. William F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East, Brooklyn, NY 11021

     ***Re:  Orellana Castaneda v. County of Suffolk et. al, 2:17-cv-04267-WFK-ARL (E.D.N.Y.)***

Dear Judge Kuntz:

     On June 16, 2025, the Second Circuit dismissed Defendants' appeal from this Court's January 2, 2025 Decision & Order, holding that it lacked appellate jurisdiction because:

> While Appellants contend that they are appealing a denial of immunity under 8 U.S.C. § 1357(g)(8), their motion for summary judgment before the district court did not argue that they were entitled to such immunity. Indeed, they did not mention such immunity until their reply brief below, and thus 'did not properly raise this point in the district court.' Moreover, the district court did not rule on whether Appellants were entitled to immunity under section 1357(g)(8), and therefore this is not an appeal of an immunity ruling.

(Dkt. 182, Ex. 1) (internal citation omitted).

     As addressed in prior briefing in both this Court and the Second Circuit, Defendants' position is that 8 U.S.C. § 1357(g)(8) grants them federal sovereign immunity and so this Court lacks subject matter jurisdiction. *See Hamm v. United States,* 483 F.3d 135, 140 (2d Cir. 1996) (dismissing case for "lack of subject matter jurisdiction" where sovereign immunity applied). We had understood that the Decision & Order effectively rejected these claims, by holding that the provisions of 8 U.S.C. § 1357(g) are inapplicable to Defendants in these circumstances.

     Defendants' sovereign immunity defense cannot be waived and may be raised at any time. *E.g., Leonhard v. U.S.,* 633 F.2d 599, 618 (2d Cir. 1980) ('Since sovereign immunity is a jurisdictional defect, it can be raised at any time."). And it is critical to resolve this issue now, before the scheduled November 3, 2025 trial, because "*immunity from suit. . . is effectively lost if a case is erroneously permitted to go to trial.*" *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) (emphasis in original).

Hon. William F. Kuntz, II
June 30, 2025
Page 2 of 2

      Defendants accordingly respectfully request that the Court issue an order confirming that their sovereign immunity defense has been denied.

Respectfully submitted,

/s/ Thomas E.L. Dewey

Thomas E.L. Dewey
Dewey Pegno & Kramarsky LLP
777 3rd Ave 29th Floor
New York, NY 10017
tdewey@dpklaw.com

cc:    All Counsel of Record (By ECF)

---

The application is ____ granted. ✓ denied.
SO ORDERED

s/ WFK
William F. Kuntz, II, U.S.D.J.
Dated: June 30, 2025
Brooklyn, New York