

NORTH AMERICA   SOUTH AMERICA   EUROPE

200 Park Avenue
New York, NY 10166-4193
+1 212-294-6700
+1 212-294-4700

ALDO A. BADINI
Partner
(212) 294-4601
abadini@winston.com

November 4, 2025

**By ECF**

Hon. William F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Orellana Castaneda v. County of Suffolk et. al, 2:17-cv-04267 (E.D.N.Y.)*

Dear Judge Kuntz,

      This afternoon, during the cross-examination of Captain Robert Hennigan, Defendants elicited testimony that somehow the transfer of an inmate from a Suffolk County jail cell to another Suffolk County jail cell rented by U.S. Immigration Customs and Enforcement (a so-called "ICE bed") meant that "the Suffolk County Sheriff's Office [was no longer] holding them in its custody." Day 2 Tr., 322:9–12.

      This is yet another attempt to relitigate decided issues contrary to this Court's motion in *limine* orders precluding introduction of evidence on matters "previously adjudicated." *See* Dkts. 257, 258. This Court's summary judgment decision gave collateral estoppel effect to the Second Department *Wells* decision, which involved the same conduct and rejected the same "ICE cell" "defense" Defendants belatedly raise here. As the *Wells* case described the facts there, under the Suffolk County Sheriff's Office 2016 policy, "[o]nce the paperwork is 'rewritten,' the Sheriff's Office regards the inmate as being in the custody of ICE and places the inmate in jail cells at the Riverhead facility that are rented by ICE from the Sherriff." *People ex rel. Wells v. DeMarco*, 168 A.D.3d 31, 36 (N.Y. App. Div. 2d Dep't 2018). Francis "was handled in accordance with the revised [2016] policy," and, "[u]pon his return to the Riverhead facility, Francis's paperwork was 're-written' from being an 'adult male misdemeanor' case to being an 'adult male warrant' case based on the ICE warrant, and *Francis was regarded by the Sheriff as being in the custody of ICE. Francis was placed in a jail cell rented by ICE*." *Id* (emphasis added).

      Similarly, the testimony in this case was that "after this court appearance where [Mr. German Hernandez's] case was adjourned in contemplated of dismissal, he was returned to the Suffolk County jail because of the detainer in the warrant," which "would be the time he was rewritten to the charge he was being held on that time." Day 2 Tr., 287:2–14. Captain Hennigan

testified that ICE would send an "order to detain," (Day 2 Tr., 322:12–13), SCSO would transfer detainees to a "jail space that ICE rented from Suffolk County" (Day 2 Tr., 321:12–13).

The Second Department in *Wells*, held that, "[w]hen [Francis] was retained in custody and returned to the Riverhead facility for further detention and subsequently 're-written' as 'adult male warrant,' he was subjected to a new arrest and seizure under both New York law and the Fourth Amendment of the United States Constitution." *Id*. at 40.  In other words, the conduct was both illegal and the detention time was chargeable to the Suffolk County Sheriff, not ICE – as suggested by Defendants' testimony today.

Given Defendants' 13th-hour attempt to relitigate settled findings of law which already have law of the case and collateral estoppel effect against them, we hereby request the following additional jury instruction based both on *Wells* and this Court's summary judgment decision.  Dkt. 166.

The fact and circumstances of continued detention of a person whose custody would otherwise have been released from SCSO detention has already been determined by this Court to violate the Fourth Amendment of the United States Constitution and the New York State Constitution, regardless of whether they were held in jail cells rented by ICE or not.  The rewriting of an inmate from SCSO custody to a cell rented by ICE in a SCSO facility is not in fact a transfer of custody to ICE.

We thank the Court for its time and attention to this matter.

New York, New York

Respectfully submitted,

*/s/ Aldo A. Badini*
Aldo A. Badini
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:    (212) 294-6700

cc: **All Counsel of Record (By ECF)**