UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

| | | |
|---|---|---|
| ORELLANA CASTANEDA, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | **COURT 1A** |
| v. | : | **JURY CHARGE** |
| | : | 17-CV-4267 (WFK) (ARL) |
| COUNTY OF SUFFOLK and SUFFOLK COUNTY SHERIFF'S OFFICE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

--------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

## INTRODUCTION

LADIES AND GENTLEMEN OF THE JURY, YOU ARE ABOUT TO UNDERTAKE YOUR FINAL DUTY, WHICH IS TO DECIDE LIABILITY IN THIS CASE. YOU MUST PAY CLOSE ATTENTION TO ME NOW. I WILL GO AS DELIBERATELY AS I CAN, AND WILL BE AS CLEAR AS POSSIBLE.

I TOLD YOU AT THE VERY START OF THE TRIAL THAT YOUR PRINCIPAL FUNCTION DURING THE TAKING OF TESTIMONY WOULD BE TO LISTEN CAREFULLY AND TO OBSERVE EACH WITNESS WHO TESTIFIED. IT HAS BEEN OBVIOUS TO ME AND TO COUNSEL AND TO THE PARTIES THAT YOU HAVE FAITHFULLY DISCHARGED THIS DUTY. YOUR INTEREST NEVER LAGGED, AND IT

IS EVIDENT THAT YOU FOLLOWED THE TESTIMONY WITH CLOSE ATTENTION. I THANK YOU FOR THAT, AND I ASK THAT YOU NOW GIVE ME THE SAME CAREFUL ATTENTION THAT YOU GAVE THROUGHOUT THIS TRIAL AS I INSTRUCT YOU ON THE LAW.

NOW THAT THE EVIDENCE HAS BEEN PRESENTED, AND THE ATTORNEYS FOR EACH SIDE HAVE CONCLUDED THEIR CLOSING ARGUMENTS, IT IS MY RESPONSIBILITY TO INSTRUCT YOU AS TO THE LAW THAT GOVERNS THIS CASE. MY INSTRUCTIONS WILL BE IN THREE PARTS:

**FIRST**: I WILL INSTRUCT YOU AS TO THE GENERAL RULES THAT DEFINE AND GOVERN THE DUTIES OF A JURY IN A CIVIL CASE AND THE WAY IN WHICH YOU ARE TO REVIEW THE EVIDENCE;

**SECOND**: I WILL INSTRUCT YOU AS TO THE LEGAL ELEMENTS OF THE CLAIMS BROUGHT IN THIS CASE; AND

**THIRD**: I WILL GIVE YOU SOME GENERAL RULES REGARDING YOUR DELIBERATIONS.

# GENERAL RULES

## ROLE OF THE COURT

YOU HAVE NOW HEARD ALL OF THE EVIDENCE IN THIS CASE AS WELL AS THE FINAL ARGUMENTS OF THE LAWYERS FOR THE PARTIES.

MY DUTY AT THIS POINT IS TO INSTRUCT YOU AS TO THE LAW. IT IS YOUR DUTY TO ACCEPT THESE INSTRUCTIONS OF LAW AND TO APPLY THEM TO THE FACTS AS YOU DETERMINE THEM, JUST AS IT HAS BEEN MY DUTY TO PRESIDE OVER THE TRIAL AND DECIDE WHAT TESTIMONY AND EVIDENCE IS RELEVANT UNDER THE LAW FOR YOUR CONSIDERATION.

ON THESE LEGAL MATTERS, YOU MUST TAKE THE LAW AS I GIVE IT TO YOU. IF ANY ATTORNEY HAS STATED A LEGAL PRINCIPLE DIFFERENT FROM ANY LEGAL PRINCIPLE I STATE TO YOU IN MY INSTRUCTIONS, IT IS MY INSTRUCTIONS THAT YOU MUST FOLLOW.

YOU SHOULD NOT SINGLE OUT ANY INSTRUCTION AS ALONE STATING THE LAW; RATHER, YOU SHOULD CONSIDER MY INSTRUCTIONS AS A WHOLE WHEN YOU RETIRE TO DELIBERATE IN THE JURY ROOM.

YOU SHOULD NOT, ANY OF YOU, BE CONCERNED ABOUT THE WISDOM OF ANY RULE I STATE. REGARDLESS OF ANY OPINION YOU MAY HAVE AS TO WHAT THE LAW MAY BE—OR OUGHT TO BE—IT WOULD VIOLATE YOUR SWORN DUTY TO BASE A VERDICT UPON ANY OTHER VIEW OF THE LAW THAN THAT WHICH I GIVE YOU.

**ROLE OF THE JURY**

AS MEMBERS OF THE JURY, YOU ARE THE SOLE AND EXCLUSIVE JUDGES OF THE FACTS. YOU PASS UPON THE EVIDENCE. YOU DETERMINE THE CREDIBILITY OF THE WITNESSES. YOU RESOLVE SUCH CONFLICTS AS THERE MAY BE IN THE TESTIMONY. YOU DRAW WHATEVER REASONABLE INFERENCES YOU DECIDE TO DRAW FROM THE FACTS AS YOU HAVE DETERMINED THEM, AND YOU DETERMINE THE WEIGHT OF THE EVIDENCE.

IN DETERMINING THESE ISSUES, NO ONE MAY INVADE YOUR PROVINCE OR FUNCTIONS AS JURORS. IN ORDER FOR YOU TO DETERMINE THE FACTS, YOU MUST RELY UPON YOUR OWN RECOLLECTION OF THE EVIDENCE. WHAT THE LAWYERS HAVE SAID IN THEIR OPENING STATEMENTS, IN THEIR CLOSING

ARGUMENTS, IN THEIR OBJECTIONS, OR IN THEIR QUESTIONS IS NOT EVIDENCE. FURTHERMORE, WHAT I MAY HAVE SAID—OR WHAT I MAY SAY IN THESE INSTRUCTIONS—ABOUT ANY FACT IS NOT EVIDENCE. YOU SHOULD BEAR IN MIND THAT A QUESTION PUT TO A WITNESS IS NEVER EVIDENCE, ONLY THE ANSWER IS EVIDENCE. BUT YOU MAY NOT CONSIDER ANY ANSWER THAT I DIRECTED YOU TO DISREGARD OR THAT I DIRECTED BE STRUCK FROM THE RECORD. DO NOT CONSIDER SUCH ANSWERS.

SINCE YOU ARE THE SOLE AND EXCLUSIVE JUDGES OF THE FACTS, I DO NOT MEAN TO INDICATE ANY OPINION AS TO THE FACTS OR WHAT YOUR VERDICT SHOULD BE. THE RULINGS I HAVE MADE DURING THE TRIAL ARE NOT INDICATIVE OF MY VIEWS ABOUT WHAT YOUR DECISION SHOULD BE AS TO WHETHER OR NOT CLASS PLAINTIFFS HAVE PROVEN THEIR CASE ON THEIR PROCEDURAL DUE PROCESS CLAIM. AS I WILL INSTRUCT YOU FURTHER A LITTLE LATER, I HAVE ALREADY FOUND THAT THE CLASS PLAINTIFFS HAVE PROVEN THEIR CASE ON LIABILITY FOR THEIR CLAIMS UNDER THE FOURTH

AMENDMENT AND THE NEW YORK STATE CONSTITUTION, SO YOU ARE ONLY BEING ASKED TO ASSESS DAMAGES AS TO THOSE TWO CLAIMS.

I ALSO ASK YOU TO DRAW NO INFERENCE FROM THE FACT THAT, UPON OCCASION, I ASKED QUESTIONS OF CERTAIN WITNESSES. THESE QUESTIONS WERE ONLY INTENDED FOR CLARIFICATION OR TO EXPEDITE MATTERS. THEY CERTAINLY WERE NOT INTENDED TO SUGGEST ANY OPINIONS ON MY PART AS TO THE VERDICT YOU SHOULD RENDER, OR WHETHER OR NOT ANY OF THE WITNESSES MAY HAVE BEEN MORE CREDIBLE THAN ANY OF THE OTHER WITNESSES. YOU ARE EXPRESSLY TO UNDERSTAND THAT THE COURT HAS NO OPINION AS TO THE VERDICT YOU SHOULD RENDER IN THIS CASE.

AS TO THE FACTS, LADIES AND GENTLEMEN, YOU ARE THE EXCLUSIVE JUDGES. YOU ARE TO PERFORM THE DUTY OF FINDING THE FACTS WITHOUT BIAS OR PREJUDICE FOR OR AGAINST ANY PARTY. YOUR VERDICT MUST BE BASED SOLELY ON THE EVIDENCE DEVELOPED AT THIS TRIAL, OR THE LACK OF EVIDENCE.

IT WOULD BE IMPROPER FOR YOU TO CONSIDER ANY PERSONAL FEELINGS YOU MAY HAVE ABOUT ONE OF THE PARTIES' RACE, RELIGION, NATIONAL ORIGIN, GENDER, OR AGE.

IT WOULD BE IMPROPER FOR YOU TO BE SWAYED BY SYMPATHY. THE PARTIES IN THIS CASE ARE ENTITLED TO A TRIAL FREE FROM PREJUDICE. OUR JUDICIAL SYSTEM CANNOT WORK UNLESS YOU REACH YOUR VERDICT THROUGH A FAIR AND IMPARTIAL CONSIDERATION OF THE EVIDENCE.

IN DETERMINING THE FACTS, REMEMBER YOU TOOK A SOLEMN OATH TO RENDER JUDGMENT IMPARTIALLY AND FAIRLY, WITHOUT PREJUDICE OR SYMPATHY AND WITHOUT FEAR OR FAVOR, SOLELY UPON THE EVIDENCE PRESENTED IN THIS CASE AND THE LAW APPLICABLE TO THIS CASE. I KNOW YOU WILL DO THIS AND REACH A JUST AND TRUE VERDICT.

**CONDUCT OF COUNSEL**

IT IS THE DUTY OF THE ATTORNEYS ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR ANY OTHER EVIDENCE THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. COUNSEL ALSO HAVE THE

RIGHT AND DUTY TO ASK THE COURT TO MAKE RULINGS OF LAW AND TO REQUEST CONFERENCES AT THE SIDE BAR OUT OF THE HEARING OF THE JURY. ALL THOSE QUESTIONS OF LAW MUST BE DECIDED BY ME, THE COURT. YOU SHOULD NOT SHOW ANY PREJUDICE AGAINST AN ATTORNEY OR HIS OR HER CLIENT BECAUSE THE ATTORNEY OBJECTED TO THE ADMISSIBILITY OF EVIDENCE, OR BECAUSE AN ATTORNEY ASKED FOR A CONFERENCE OUT OF THE HEARING OF THE JURY OR ASKED THE COURT FOR A RULING ON THE LAW.

AS I ALREADY INDICATED, MY RULINGS ON THE ADMISSIBILITY OF EVIDENCE DO NOT, UNLESS EXPRESSLY STATED BY ME, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE. YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

**EVIDENCE**

WHAT IS AND IS NOT EVIDENCE?

THE EVIDENCE IN THIS CASE IS THE SWORN TESTIMONY OF THE WITNESSES, EXHIBITS RECEIVED IN EVIDENCE, STIPULATIONS OF THE PARTIES, AND JUDICIALLY NOTICED FACTS, IF APPLICABLE.

BY CONTRAST, THE QUESTIONS OF THE LAWYERS ARE NOT TO BE CONSIDERED BY YOU AS EVIDENCE. IT IS THE WITNESSES' ANSWERS THAT ARE EVIDENCE, NOT THE QUESTIONS. AT TIMES, A LAWYER MAY HAVE INCORPORATED A STATEMENT INTO A QUESTION THAT ASSUMED CERTAIN FACTS TO BE TRUE, AND THEN ASKED THE WITNESS IF THE STATEMENT WAS TRUE. IF THE WITNESS DENIED THE TRUTH OF A STATEMENT, AND IF THERE IS NO DIRECT EVIDENCE IN THE RECORD PROVING THAT ASSUMED FACT TO BE TRUE, THEN YOU MAY NOT CONSIDER IT TO BE TRUE SIMPLY BECAUSE IT WAS CONTAINED IN THE LAWYER'S QUESTION.

TESTIMONY THAT HAS BEEN STRICKEN OR EXCLUDED IS NOT EVIDENCE, AND IT MAY NOT BE CONSIDERED BY YOU IN RENDERING YOUR VERDICT. ALSO, IF CERTAIN TESTIMONY WAS RECEIVED FOR A LIMITED PURPOSE—SUCH AS FOR THE PURPOSE OF ASSESSING A WITNESS'S CREDIBILITY—YOU MUST

FOLLOW THE LIMITING INSTRUCTIONS I GAVE YOU REGARDING THAT SPECIFIC TESTIMONY.

ARGUMENTS BY LAWYERS ARE NOT EVIDENCE, BECAUSE THE LAWYERS ARE NOT WITNESSES. WHAT THEY HAVE SAID TO YOU IN THEIR OPENING STATEMENTS AND IN THEIR CLOSING ARGUMENTS IS INTENDED TO HELP YOU UNDERSTAND THE EVIDENCE TO REACH YOUR VERDICT. HOWEVER, IF YOUR RECOLLECTION OF THE FACTS DIFFERS FROM THE LAWYERS' STATEMENTS, IT IS YOUR RECOLLECTION THAT CONTROLS.

EXHIBITS THAT HAVE BEEN MARKED FOR IDENTIFICATION MAY NOT BE CONSIDERED BY YOU AS EVIDENCE UNLESS THEY WERE RECEIVED IN EVIDENCE BY THE COURT. TO CONSTITUTE EVIDENCE, EXHIBITS MUST BE RECEIVED IN EVIDENCE. EXHIBITS MARKED FOR IDENTIFICATION, BUT NOT ADMITTED, ARE NOT EVIDENCE, AND NEITHER ARE MATERIALS BROUGHT FORTH ONLY TO REFRESH A WITNESS'S RECOLLECTION.

FINALLY, STATEMENTS THAT I MAY HAVE MADE CONCERNING THE QUALITY OF THE EVIDENCE DO NOT CONSTITUTE EVIDENCE. IT IS FOR YOU

ALONE TO DECIDE THE WEIGHT, IF ANY, TO BE GIVEN TO THE TESTIMONY YOU HAVE HEARD AND THE EXHIBITS YOU HAVE SEEN.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

THERE ARE TWO TYPES OF EVIDENCE THAT YOU MAY PROPERLY USE IN REACHING YOUR VERDICT: DIRECT EVIDENCE AND CIRCUMSTANTIAL EVIDENCE.

DIRECT EVIDENCE IS WHEN A WITNESS TESTIFIES ABOUT SOMETHING HE OR SHE KNOWS BY VIRTUE OF HIS OR HER OWN SENSES—SOMETHING HE OR SHE HAS SEEN, FELT, TOUCHED, OR HEARD. DIRECT EVIDENCE MAY ALSO BE IN THE FORM OF AN EXHIBIT WHEN THE FACT TO BE PROVED IS ITS PRESENT EXISTENCE OR CONDITION.

THE OTHER TYPE OF EVIDENCE IS CIRCUMSTANTIAL EVIDENCE. THIS IS EVIDENCE THAT TENDS TO PROVE A DISPUTED FACT BY PROOF OF OTHER FACTS. THERE IS A SIMPLE EXAMPLE OF CIRCUMSTANTIAL EVIDENCE THAT IS OFTEN USED IN THIS COURTHOUSE:

ASSUME WHEN YOU CAME INTO THE COURTHOUSE THIS MORNING THE SUN WAS SHINING AND IT WAS A NICE DAY. ASSUME THIS COURTROOM HAD WINDOWS TO THE OUTSIDE AND THESE WINDOWS HAD BLINDS THAT HAD BEEN DRAWN SHUT SO NO ONE COULD LOOK OUTSIDE. AS YOU WERE SITTING HERE, SOMEONE WALKED IN WITH AN UMBRELLA THAT WAS DRIPPING WET. THEN, A FEW MINUTES LATER, ANOTHER PERSON ALSO ENTERED WITH A WET UMBRELLA. NOW, YOU CANNOT LOOK OUTSIDE OF THE COURTROOM AND YOU CANNOT SEE WHETHER OR NOT IT IS RAINING. SO, YOU HAVE NO DIRECT EVIDENCE OF THE FACT THAT IT HAD BEEN RAINING. BUT, BASED ON THE COMBINATION OF FACTS I HAVE ASKED YOU TO ASSUME, IT WOULD BE REASONABLE AND LOGICAL FOR YOU TO CONCLUDE IT HAD BEEN RAINING.

THAT IS ALL THERE IS TO CIRCUMSTANTIAL EVIDENCE. YOU INFER THE EXISTENCE OR NON-EXISTENCE OF SOME FACT BASED ON REASON, EXPERIENCE, AND COMMON SENSE FROM AN ESTABLISHED FACT.

CIRCUMSTANTIAL EVIDENCE IS OF NO LESS VALUE THAN DIRECT EVIDENCE. IT IS A GENERAL RULE THAT THE LAW MAKES NO DISTINCTION

BETWEEN DIRECT EVIDENCE AND CIRCUMSTANTIAL EVIDENCE; IT SIMPLY REQUIRES THAT YOUR VERDICT MUST BE BASED ON A PREPONDERANCE OF ALL THE EVIDENCE PRESENTED.

**WITNESS CREDIBILITY**

YOU HAVE HAD THE OPPORTUNITY TO OBSERVE ALL OF THE WITNESSES. IT IS NOW YOUR JOB TO DECIDE HOW BELIEVABLE EACH WITNESS WAS IN HIS OR HER TESTIMONY. YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF EACH WITNESS AND OF THE IMPORTANCE OF HIS OR HER TESTIMONY.

IT MUST BE CLEAR TO YOU BY NOW YOU ARE BEING CALLED UPON TO RESOLVE VARIOUS FACTUAL ISSUES RAISED BY THE PARTIES IN THE FACE OF VERY DIFFERENT PICTURES PAINTED BY BOTH SIDES. IN MAKING THESE JUDGMENTS, YOU SHOULD CAREFULLY SCRUTINIZE ALL OF THE TESTIMONY OF EACH WITNESS, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS TESTIFIED, AND ANY OTHER MATTER IN EVIDENCE WHICH MAY HELP YOU DECIDE THE TRUTH AND THE IMPORTANCE OF EACH WITNESS'S TESTIMONY.

HOW DO YOU DETERMINE WHERE THE TRUTH LIES? YOU WATCHED EACH WITNESS TESTIFY. EVERYTHING A WITNESS SAID OR DID ON THE WITNESS STAND COUNTS IN YOUR DETERMINATION. HOW DID THE WITNESS IMPRESS YOU? DID HE OR SHE APPEAR TO BE FRANK, FORTHRIGHT, AND CANDID, OR EVASIVE AND FIDGETY AS IF HIDING SOMETHING? HOW DID THE WITNESS APPEAR; WHAT WAS HIS OR HER DEMEANOR—THAT IS, HIS OR HER POSTURE, BEHAVIOR, BEARING, MANNER, AND APPEARANCE WHILE TESTIFYING? OFTEN IT IS NOT WHAT A PERSON SAYS, BUT HOW HE OR SHE SAYS IT THAT MOVES AND INFORMS US.

YOU SHOULD USE ALL THE TESTS FOR TRUTHFULNESS YOU WOULD USE IN DETERMINING MATTERS OF IMPORTANCE TO YOU IN YOUR EVERYDAY LIFE. YOU SHOULD CONSIDER ANY BIAS OR HOSTILITY THE WITNESS MAY HAVE SHOWN FOR OR AGAINST ANY PARTY AS WELL AS ANY INTEREST THE WITNESS HAS IN THE OUTCOME OF THE CASE. YOU SHOULD CONSIDER THE OPPORTUNITY THE WITNESS HAD TO SEE, TO HEAR, AND TO KNOW THE THINGS ABOUT WHICH HE OR SHE TESTIFIED, THE ACCURACY OF HIS OR HER MEMORY,

HIS OR HER CANDOR OR LACK OF CANDOR, HIS OR HER INTELLIGENCE, AND THE REASONABLENESS AND PROBABILITY OF HIS OR HER TESTIMONY, ITS CONSISTENCY OR LACK OF CONSISTENCY, AND ITS CORROBORATION OR LACK OF CORROBORATION WITH OTHER CREDIBLE TESTIMONY.

A NUMBER OF WITNESSES IN THIS TRIAL HAVE TESTIFIED THROUGH AN INTERPRETER OR HAVE APPEARED REMOTELY THROUGH VIDEO TRANSMISSION. THE FACT THAT A WITNESS HAS TESTIFIED REMOTELY OR THROUGH AN INTERPRETER IS NOT EVIDENCE OF ANYTHING AND YOU MAY NOT DRAW ANY NEGATIVE INFERENCE AGAINST A WITNESS BECAUSE HE OR SHE TESTIFIED REMOTELY OR THROUGH AN INTERPRETER.

IN OTHER WORDS, WHAT YOU MUST TRY TO DO IN DECIDING CREDIBILITY IS TO SIZE A WITNESS UP IN LIGHT OF HIS OR HER DEMEANOR, THE EXPLANATIONS GIVEN, AND ALL THE OTHER EVIDENCE IN THE CASE. ALWAYS REMEMBER YOU SHOULD USE YOUR COMMON SENSE, YOUR GOOD JUDGMENT, AND YOUR OWN LIFE EXPERIENCE.

**BIAS**

IN DECIDING WHETHER TO BELIEVE A WITNESS, YOU SHOULD SPECIFICALLY NOTE ANY EVIDENCE OF HOSTILITY OR AFFECTION THE WITNESS MAY HAVE TOWARD ONE OF THE PARTIES. LIKEWISE, YOU SHOULD CONSIDER EVIDENCE OF ANY OTHER INTEREST OR MOTIVE THE WITNESS MAY HAVE IN COOPERATING WITH A PARTICULAR PARTY.

IT IS YOUR DUTY TO CONSIDER WHETHER THE WITNESS HAS PERMITTED ANY SUCH BIAS OR INTEREST TO COLOR HIS OR HER TESTIMONY. IN SHORT, IF YOU FIND THAT A WITNESS IS BIASED, YOU SHOULD VIEW HIS OR HER TESTIMONY WITH CAUTION, WEIGH IT WITH CARE, AND SUBJECT IT TO CLOSE AND SEARCHING SCRUTINY.

**EXPERT WITNESS**

IN THIS CASE, I HAVE PERMITTED A WITNESS TO EXPRESS HIS EXPERT OPINION ABOUT MATTERS THAT ARE AT ISSUE. A WITNESS MAY BE PERMITTED TO TESTIFY TO AN OPINION ON THOSE MATTERS ABOUT WHICH HE OR SHE HAS SPECIAL KNOWLEDGE, SKILL, EXPERIENCE, AND TRAINING. SUCH TESTIMONY IS

PRESENTED TO YOU ON THE THEORY THAT SOMEONE WHO IS EXPERIENCED AND KNOWLEDGABLE IN THE FIELD CAN ASSIST YOU IN UNDERSTANDING THE EVIDENCE OR IN REACHING AN INDEPENDENT DECISION ON THE FACTS.

IN WEIGHING THIS OPINION TESTIMONY, YOU MAY CONSIDER THE WITNESS'S QUALIFICATIONS, HIS OR HER OPINIONS, THE REASONS FOR TESTIFYING, AS WELL AS ALL THE OTHER CONSIDERATIONS THAT ORDINARILY APPLY WHEN YOU ARE DECIDING WHETHER OR NOT TO BELIEVE A WITNESS'S TESTIMONY. YOU MAY GIVE THE OPINION TESTIMONY WHATEVER WEIGHT, IF ANY, YOU FIND IT DESERVES IN LIGHT OF ALL THE EVIDENCE IN THIS CASE. YOU SHOULD NOT, HOWEVER, ACCEPT OPINION TESTIMONY MERELY BECAUSE I ALLOWED THE WITNESS TO TESTIFY CONCERNING HIS OR HER OPINION. NOR SHOULD YOU SUBSTITUTE IT FOR YOUR OWN REASON, JUDGMENT, AND COMMON SENSE. THE DETERMINATION OF THE FACTS IN THIS CASE RESTS SOLELY WITH YOU.

**INTEREST IN OUTCOME**

IN EVALUATING THE CREDIBILITY OF THE WITNESSES, YOU SHOULD TAKE INTO ACCOUNT ANY EVIDENCE ABOUT HOW A WITNESS MAY BENEFIT IN SOME WAY FROM THE OUTCOME OF THE CASE. AS PARTIES TO THE ACTION, PLAINTIFFS AND DEFENDANTS ARE INTERESTED WITNESSES. SUCH INTEREST IN THE OUTCOME CREATES A MOTIVE TO TESTIFY FALSELY AND MAY SWAY A WITNESS TO TESTIFY IN A WAY THAT ADVANCES HIS OR HER OWN INTERESTS. THEREFORE, IF YOU FIND THAT ANY WITNESS WHOSE TESTIMONY YOU ARE CONSIDERING MAY HAVE AN INTEREST IN THE OUTCOME OF THIS TRIAL, THEN YOU SHOULD BEAR THAT IN MIND WHEN EVALUATING THE CREDIBILITY OF HIS OR HER TESTIMONY AND ACCEPT IT WITH GREAT CARE.

KEEP IN MIND, THOUGH, THAT IT DOES NOT AUTOMATICALLY FOLLOW THAT THE TESTIMONY GIVEN BY AN INTERESTED WITNESS IS TO BE DISBELIEVED. THERE ARE MANY PEOPLE WHO, NO MATTER WHAT THEIR INTEREST IN THE OUTCOME OF THE CASE MAY BE, WOULD NOT TESTIFY FALSELY. IT IS FOR YOU TO DECIDE, BASED ON YOUR OWN PERCEPTIONS AND

COMMON SENSE, TO WHAT EXTENT, IF AT ALL, THE WITNESS'S INTEREST HAS AFFECTED HIS OR HER TESTIMONY.

**ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED; UNCALLED WITNESSES EQUALLY AVAILABLE**

THERE ARE SEVERAL PERSONS WHOSE NAMES YOU MAY HAVE HEARD DURING THE COURSE OF THIS TRIAL WHO DID NOT APPEAR HERE TO TESTIFY, AND ONE OR MORE OF THE ATTORNEYS MAY HAVE REFERRED TO THEIR ABSENCE FROM THIS TRIAL. I INSTRUCT YOU THAT EACH PARTY HAD AN EQUAL OPPORTUNITY OR LACK OF OPPORTUNITY TO CALL ANY OF THESE WITNESSES. THEREFORE, YOU SHOULD NOT DRAW ANY INFERENCES OR REACH ANY CONCLUSIONS AS TO WHAT THE WITNESSES WOULD HAVE TESTIFIED HAD THEY BEEN CALLED. THEIR ABSENCE SHOULD NOT AFFECT YOUR JUDGMENT IN ANY WAY.

THE LAW DOES NOT REQUIRE ANY PARTY TO CALL AS WITNESSES ALL PERSONS WHO MAY HAVE BEEN PRESENT AT ANY TIME OR PLACE INVOLVED IN THE CASE, OR WHO MAY APPEAR TO HAVE SOME KNOWLEDGE OF THE MATTERS

IN ISSUE AT THIS TRIAL. NOR DOES THE LAW REQUIRE ANY PARTY TO PRODUCE AS EXHIBITS ALL PAPERS AND THINGS MENTIONED IN THE EVIDENCE IN THE CASE.

**DISCREPANCIES IN TESTIMONY**

YOU MAY HAVE HEARD EVIDENCE OF DISCREPANCIES IN THE TESTIMONY OF CERTAIN WITNESSES, AND COUNSEL MAY HAVE ARGUED THAT SUCH DISCREPANCIES ARE A REASON FOR YOU TO REJECT THE TESTIMONY OF THOSE WITNESSES.

YOU ARE INSTRUCTED THAT EVIDENCE OF DISCREPANCIES MAY BE A BASIS TO DISBELIEVE A WITNESS'S TESTIMONY. ON THE OTHER HAND, DISCREPANCIES IN A WITNESS'S TESTIMONY, OR BETWEEN ONE WITNESS'S TESTIMONY AND THAT OF OTHERS, DO NOT NECESSARILY MEAN THE WITNESS'S ENTIRE TESTIMONY SHOULD BE DISCREDITED.

PEOPLE SOMETIMES FORGET THINGS, AND EVEN A TRUTHFUL WITNESS MAY BE NERVOUS AND CONTRADICT HIMSELF OR HERSELF. MOREOVER, TWO PEOPLE WITNESSING AN EVENT MAY SEE OR HEAR IT DIFFERENTLY. WHETHER

A DISCREPANCY PERTAINS TO A FACT OF IMPORTANCE OR ONLY TO A TRIVIAL DETAIL SHOULD BE CONSIDERED IN WEIGHING ITS SIGNIFICANCE. HOWEVER, A WILLFUL FALSEHOOD IS ALWAYS A MATTER OF IMPORTANCE AND SHOULD BE CONSIDERED SERIOUSLY.

IT IS FOR YOU TO DECIDE, BASED ON YOUR TOTAL IMPRESSION OF THE WITNESS, HOW TO WEIGH THE DISCREPANCIES IN HIS OR HER TESTIMONY. YOU SHOULD, AS ALWAYS, USE COMMON SENSE AND YOUR OWN GOOD JUDGMENT.

IF YOU FIND ANY WITNESS HAS WILLFULLY TESTIFIED FALSELY AS TO ANY IMPORTANT MATTER, THE LAW PERMITS YOU TO DISREGARD COMPLETELY THE ENTIRE TESTIMONY OF THAT WITNESS UPON THE PRINCIPLE THAT ONE WHO TESTIFIES FALSELY ABOUT ONE IMPORTANT MATTER IS LIKELY TO TESTIFY FALSELY ABOUT EVERYTHING. YOU ARE NOT REQUIRED, HOWEVER, TO CONSIDER SUCH A WITNESS AS TOTALLY UNBELIEVABLE. YOU MAY ACCEPT SO MUCH OF THE WITNESS'S TESTIMONY AS YOU DEEM TRUE AND DISREGARD SO MUCH AS YOU DEEM FALSE.

**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS**

YOU MAY HAVE HEARD EVIDENCE THAT, AT SOME EARLIER TIME, A WITNESS SAID OR DID SOMETHING THAT COUNSEL ARGUES IS INCONSISTENT WITH THAT WITNESS'S TRIAL TESTIMONY.

EVIDENCE OF A PRIOR INCONSISTENT STATEMENT IS NOT TO BE CONSIDERED BY YOU AS AFFIRMATIVE EVIDENCE. EVIDENCE OF A PRIOR INCONSISTENT STATEMENT WAS PLACED BEFORE YOU FOR THE MORE LIMITED PURPOSE OF HELPING YOU DECIDE WHETHER TO BELIEVE THE TRIAL TESTIMONY OF THE WITNESS WHO CONTRADICTED HIMSELF OR HERSELF. IF YOU FIND THE WITNESS MADE AN EARLIER STATEMENT THAT CONFLICTS WITH HIS OR HER TRIAL TESTIMONY, YOU MAY CONSIDER THAT FACT IN DECIDING HOW MUCH OF HIS OR HER TRIAL TESTIMONY, IF ANY, TO BELIEVE.

IN MAKING THIS DETERMINATION, YOU MAY CONSIDER WHETHER THE WITNESS PURPOSELY MADE A FALSE STATEMENT OR WHETHER IT WAS AN INNOCENT MISTAKE; WHETHER THE INCONSISTENCY CONCERNS AN IMPORTANT FACT OR WHETHER IT HAD TO DO WITH A SMALL DETAIL; WHETHER THE

WITNESS HAD AN EXPLANATION FOR THE INCONSISTENCY; AND WHETHER THAT EXPLANATION APPEALED TO YOUR COMMON SENSE.

IT IS EXCLUSIVELY YOUR DUTY, BASED UPON ALL THE EVIDENCE AND YOUR OWN GOOD JUDGMENT, TO DETERMINE WHETHER THE PRIOR STATEMENT WAS INCONSISTENT, AND, IF SO, HOW MUCH WEIGHT, IF ANY, TO GIVE TO THE INCONSISTENT STATEMENT IN DETERMINING WHETHER TO BELIEVE ALL OR PART OF THE WITNESS'S TESTIMONY.

**NUMBER OF WITNESSES**

THE FACT THAT ONE PARTY CALLED MORE WITNESSES AND INTRODUCED MORE EVIDENCE THAN THE OTHER DOES NOT MEAN YOU SHOULD NECESSARILY FIND THE FACTS IN FAVOR OF THE SIDE OFFERING MORE WITNESSES OR MORE EVIDENCE. BY THE SAME TOKEN, YOU DO NOT HAVE TO ACCEPT THE TESTIMONY OF ANY WITNESS WHO HAS NOT BEEN CONTRADICTED OR IMPEACHED IF YOU FIND THAT WITNESS NOT TO BE CREDIBLE.

YOU HAVE TO DECIDE WHICH WITNESSES TO BELIEVE AND WHICH FACTS ARE TRUE. TO DO THIS, YOU MUST LOOK AT ALL THE EVIDENCE, DRAWING

UPON YOUR OWN COMMON SENSE AND PERSONAL EXPERIENCE. AFTER EXAMINING ALL THE EVIDENCE, YOU MAY DECIDE THAT THE PARTY CALLING THE MOST WITNESSES HAS NOT PERSUADED YOU BECAUSE YOU DO NOT BELIEVE THEIR WITNESSES OR BECAUSE YOU BELIEVE THE FEWER WITNESSES CALLED BY THE OTHER SIDE.

**SUBSTANTIVE LAW**

I AM NOW GOING TO TELL YOU ABOUT THE CLAIMS IN THIS CASE AND THE LAW YOU WILL HAVE TO APPLY TO THE FACTS AS YOU FIND THEM. THESE INSTRUCTIONS ARE MEANT TO HELP YOU EVALUATE THE EVIDENCE YOU HAVE HEARD DURING TRIAL. TO THE EXTENT THERE ARE DIFFERENCES BETWEEN THE PRELIMINARY INSTRUCTIONS I GAVE YOU AT THE BEGINNING OF TRIAL AND THESE FINAL INSTRUCTIONS, THESE FINAL INSTRUCTIONS ARE THE ONES YOU MUST FOLLOW IN YOUR DELIBERATIONS.

THE PARTIES IN THIS MATTER ARE THE CLASS ACTION PLAINTIFFS AND SUFFOLK COUNTY DEFENDANTS. THE CLASS PLAINTIFFS ARE COMPOSED OF ALL PERSONS WHO, FROM JULY 18, 2014, UNTIL NOVEMBER 15, 2018, WERE

DETAINED BY THE SUFFOLK COUNTY SHERIFF'S OFFICE, LIKE THE CLASS REPRESENTATIVES MR. ORELLANA AND MR. HERNANDEZ WERE DETAINED, ON THE BASIS OF DETAINER REQUESTS FROM IMMIGRATION AND CUSTOMS ENFORCEMENT, WHICH IS PART OF THE DEPARTMENT OF HOMELAND SECURITY. AS A RESULT, THE SUFFOLK COUNTY SHERIFF'S OFFICE CONTINUED TO DETAIN CLASS PLAINTIFFS AFTER THE SUFFOLK COUNTY SHERIFF'S OFFICE NO LONGER HAD THE AUTHORITY TO DO SO. APPROXIMATELY SIX HUNDRED SEVENTY-FIVE (675) INDIVIDUALS MAKE UP THIS CLASS OF PLAINTIFFS.

THE DEFENDANTS IN THIS CASE ARE THE COUNTY OF SUFFOLK; THE SUFFOLK COUNTY SHERIFF'S OFFICE; THE SUFFOLK COUNTY EXECUTIVE; AND THE COUNTY SHERIFF (TOGETHER, "DEFENDANTS"). THE COUNTY OF SUFFOLK IS A MUNICIPAL CORPORATION OF THE STATE OF NEW YORK. THE SUFFOLK COUNTY SHERIFF'S OFFICE IS AN ENTITY, AGENCY, DEPARTMENT, AND/OR SUBDIVISION OF SUFFOLK COUNTY. THE SUFFOLK COUNTY EXECUTIVE IS THE ELECTED CHIEF EXECUTIVE OFFICER OF THE COUNTY GOVERNMENT AND ITS ADMINISTRATIVE HEAD. MR. ED ROMAINE SERVES AS THE CURRENT COUNTY

EXECUTIVE. THE SHERIFF OF SUFFOLK COUNTY IS ELECTED TO PRESIDE OVER THE SHERIFF'S OFFICE AS ITS CHIEF EXECUTIVE OFFICER. DR. ERROLL TOULON, JR., SERVES AS THE CURRENT COUNTY SHERIFF. VINCENT DEMARCO WAS THE SHERIFF OF SUFFOLK COUNTY FROM BEFORE SEPTEMBER 8, 2014, THROUGH DECEMBER 2, 2016. MR. ROMAINE AND SHERIFF TOULON HAVE NOT BEEN SUED AS INDIVIDUALS; RATHER, THEY ARE DEFENDANTS IN THEIR OFFICIAL CAPACITIES AS SUFFOLK COUNTY'S EXECUTIVE AND SHERIFF.

I WILL NOW INSTRUCT YOU ON THE SUBSTANTIVE LAW TO BE APPLIED IN THIS CASE. CLASS PLAINTIFFS BRING THIS ACTION UNDER A FEDERAL CIVIL RIGHTS STATUTE: TITLE 42 UNITED STATES CODE SECTION 1983. FIRST, CLASS PLAINTIFFS CLAIM DEFENDANTS VIOLATED THE NEW YORK STATE CONSTITUTION'S FIRST ARTICLE (CLAIM ONE). SECOND, CLASS PLAINTIFFS CLAIM DEFENDANTS VIOLATED THEIR PROCEDURAL DUE PROCESS RIGHTS UNDER THE UNITED STATES CONSTITUTION'S FOURTEENTH AMENDMENT (CLAIM TWO). AND THIRD, CLASS PLAINTIFFS CLAIM DEFENDANTS VIOLATED

THEIR RIGHTS UNDER THE UNITED STATES CONSTITUTION'S FOURTH AMENDMENT (CLAIM THREE).

EARLIER IN THIS LITIGATION, THIS COURT RULED DEFENDANTS ARE LIABLE UNDER CLAIMS ONE AND THREE FOR CONTINUING TO DETAIN CLASS PLAINTIFFS AFTER DEFENDANTS' AUTHORITY TO DO SO HAD EXPIRED, IN VIOLATION OF CLASS PLAINTIFFS' FOURTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND IN VIOLATION OF CLASS PLAINTIFFS' RIGHTS UNDER THE NEW YORK STATE CONSTITUTION. YOU ARE INSTRUCTED AND REQUIRED TO ACCEPT MY LIABILITY FINDING AS BINDING: CLASS PLAINTIFFS HAVE SHOWN DEFENDANTS ARE LIABLE FOR VIOLATING CLASS PLAINTIFFS' FOURTH AMENDMENT AND NEW YORK STATE CONSTITUTIONAL RIGHTS. AS A RESULT, YOU WILL NOT BE RECEIVING INSTRUCTIONS ON THE LIABILITY ELEMENTS OF THOSE CLAIMS. YOUR DUTY WITH RESPECT TO THOSE CLAIMS IS TO AWARD ANY DAMAGES IN AN APPROPRIATE AMOUNT CONSISTENT WITH THE LAW I WILL INSTRUCT YOU TO APPLY. I WILL PROVIDE DIRECTIONS ON DAMAGES TOWARD THE END OF THESE INSTRUCTIONS.

WITH RESPECT TO CLAIM TWO, YOU WILL NEED TO DETERMINE WHETHER OR NOT DEFENDANTS ARE LIABLE, AND IF THEY ARE, WHAT MONETARY DAMAGES, IF ANY, SHOULD BE AWARDED. THE QUESTION OF LIABILITY ON CLAIM TWO IS WHETHER OR NOT CLASS PLAINTIFFS HAVE PROVEN DEFENDANTS FAILED TO PROVIDE SUFFICIENT PROCEDURAL DUE PROCESS WHEN CLASS PLAINTIFFS WERE DETAINED WITHOUT PROBABLE CAUSE. I WILL FIRST INSTRUCT YOU ON THE ELEMENTS OF LIABILITY FOR CLAIM TWO. THEN, I WILL INSTRUCT YOU ON DAMAGES FOR ALL THREE CLAIMS.

**PROCEDURAL DUE PROCESS (CLAIM TWO)**

WE ARE FIRST GOING TO DISCUSS CLAIM TWO, PLAINTIFFS' PROCEDURAL DUE PROCESS CLAIM. IT IS UP TO YOU, THE JURY, TO DETERMINE WHETHER OR NOT CLASS PLAINTIFFS HAVE PROVEN DEFENDANTS VIOLATED CLASS PLAINTIFFS' PROCEDURAL DUE PROCESS RIGHTS.

**THE BURDEN OF PROOF**

I WILL NOW DESCRIBE THE BURDEN OF PROOF FOR CLASS PLAINTIFFS' PROCEDURAL DUE PROCESS CLAIM, WHICH IS THE ONLY CLAIM FOR WHICH

YOU NEED TO DETERMINE LIABILITY. IN THIS CASE, CLASS PLAINTIFFS BEAR THE BURDEN OF PROOF WITH RESPECT TO THE MATERIAL ALLEGATIONS OF THAT CLAIM. THE PARTY WITH THE BURDEN OF PROOF HAS THE BURDEN OF PROVING THE ELEMENTS OF HIS OR HER CLAIM TO YOU.

IF, AFTER CONSIDERING ALL THE TESTIMONY, YOU ARE SATISFIED CLASS PLAINTIFFS HAVE CARRIED THEIR BURDEN ON EACH ESSENTIAL POINT AS TO WHICH THEY HAVE THE BURDEN OF PROOF, THEN YOU MUST FIND FOR CLASS PLAINTIFFS ON THEIR CLAIMS. IF YOU FIND THE TESTIMONY OF BOTH PARTIES TO BE IN BALANCE OR EQUALLY PROBABLE, THEN CLASS PLAINTIFFS HAVE FAILED TO SATISFY THEIR BURDEN AND YOU MUST FIND FOR DEFENDANTS.

THE PARTY WITH THE BURDEN OF PROOF MUST PROVE ALL THE ELEMENTS OF HIS OR HER CLAIM BY A PREPONDERANCE OF THE EVIDENCE. WHAT DOES A "<u>PREPONDERANCE OF THE EVIDENCE</u>" MEAN? TO ESTABLISH A FACT BY A PREPONDERANCE OF THE EVIDENCE MEANS TO PROVE THAT THE FACT IS MORE LIKELY TRUE THAN NOT TRUE. A PREPONDERANCE OF THE EVIDENCE MEANS THE GREATER WEIGHT OF THE EVIDENCE. IT REFERS TO THE

QUALITY AND PERSUASIVENESS OF THE EVIDENCE, NOT TO THE NUMBER OF WITNESSES OR DOCUMENTS. IN DETERMINING WHETHER CLASS PLAINTIFFS HAVE PROVED THEIR CLAIMS BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY CONSIDER THE RELEVANT TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO CALLED THEM, AND ALL THE RELEVANT EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO PRODUCED THEM.

IF YOU FIND THE CREDIBLE EVIDENCE ON A GIVEN CLAIM IS EVENLY DIVIDED BETWEEN THE PARTIES—THAT IT IS EQUALLY PROBABLE ONE SIDE IS RIGHT AS IT IS THE OTHER SIDE IS RIGHT—THEN YOU MUST DECIDE THAT ISSUE AGAINST THE PARTY WHO HAS THE BURDEN OF PROOF. THAT IS BECAUSE THE PARTY BEARING THE BURDEN OF PROOF MUST PROVE MORE THAN SIMPLE EQUALITY OF EVIDENCE—THAT PARTY MUST PROVE THE ELEMENT AT ISSUE BY A PREPONDERANCE OF THE EVIDENCE. BUT THE PARTY BEARING THE BURDEN OF PROOF NEED NOT PROVE MORE THAN A PREPONDERANCE. SO LONG AS YOU FIND THAT THE SCALES TIP, HOWEVER SLIGHTLY, IN FAVOR OF THE PARTY WITH THE BURDEN OF PROOF, THEN THEIR CLAIM IS MORE LIKELY TRUE THAN

NOT TRUE, AND THAT ELEMENT WILL HAVE BEEN PROVED BY A PREPONDERANCE OF EVIDENCE.

AS I MENTIONED AT THE OUTSET OF THE TRIAL, SOME OF YOU MAY HAVE HEARD OF PROOF BEYOND A REASONABLE DOUBT, WHICH IS THE PROPER STANDARD OF PROOF IN A CRIMINAL TRIAL.  THAT REQUIREMENT DOES NOT APPLY TO A CIVIL CASE, SUCH AS THIS ONE, AND YOU SHOULD PUT IT OUT OF YOUR MIND.

NOW I WILL INSTRUCT YOU IN MORE DETAIL ON THE ELEMENTS CLASS PLAINTIFFS ARE REQUIRED TO PROVE TO SUCCEED ON THEIR PROCEDURAL DUE PROCESS CLAIM.

**PROCEDURAL DUE PROCESS – ELEMENTS**

CLASS PLAINTIFFS CLAIM DEFENDANTS FAILED TO PROVIDE SUFFICIENT PROCEDURAL DUE PROCESS BEFORE DEPRIVING CLASS PLAINTIFFS OF THEIR LIBERTY INTERESTS.  PROCEDURAL DUE PROCESS CONSTRAINS GOVERNMENT DECISIONS THAT DEPRIVE INDIVIDUALS OF “LIBERTY” OR “PROPERTY” INTERESTS UNDER THE DUE PROCESS CLAUSE OF THE CONSTITUTION’S FIFTH

OR FOURTEENTH AMENDMENTS. TO ESTABLISH THEIR PROCEDURAL DUE PROCESS CLAIM, CLASS PLAINTIFFS MUST PROVE TWO ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE: (1) THE EXISTENCE OF A PROPERTY OR LIBERTY INTEREST THAT WAS DEPRIVED; AND (2) DEPRIVATION OF THAT INTEREST WITHOUT DUE PROCESS.

I INSTRUCT YOU THAT THE FIRST ELEMENT HAS BEEN MET. THE COURT HAS ALREADY RULED CLASS PLAINTIFFS HAVE DEMONSTRATED A LIBERTY INTEREST, WHICH IS THEIR RIGHT TO BE FREE FROM SEIZURES ABSENT PROBABLE CAUSE OR STATUTORY AUTHORITY, AND THAT CLASS PLAINTIFFS WERE DEPRIVED OF THIS LIBERTY INTEREST WHEN THEY WERE UNLAWFULLY DETAINED WITHOUT SUCH PROBABLE CAUSE OR STATUTORY AUTHORITY.

YOU MUST DECIDE WHETHER OR NOT CLASS PLAINTIFFS HAVE MET THEIR BURDEN OF PROOF WITH RESPECT TO THE SECOND ELEMENT—WHETHER CLASS PLAINTIFFS HAVE DEMONSTRATED BY A PREPONDERANCE OF THE EVIDENCE THEY WERE DEPRIVED OF THAT LIBERTY INTEREST WITHOUT ADEQUATE DUE PROCESS. DUE PROCESS REFERS TO CLASS PLAINTIFFS' RIGHT TO RECEIVE

NOTICE OF THE NATURE OF THE CHARGES AGAINST THEM AND AN OPPORTUNITY TO BE HEARD AT A MEANINGFUL TIME AND IN A MEANINGFUL MANNER. IN OTHER WORDS, DEFENDANTS MUST HAVE PROVIDED CLASS PLAINTIFFS WITH CONSTITUTIONALLY SUFFICIENT "NOTICE AND OPPORTUNITY FOR HEARING" BEFORE DEPRIVING CLASS PLAINTIFFS OF THEIR LIBERTY INTERESTS. THESE PROCEDURAL RULES MINIMIZE SUBSTANTIVELY UNFAIR OR MISTAKEN DEPRIVATIONS OF LIFE, LIBERTY, OR PROPERTY BY ENABLING PEOPLE TO CONTEST OR FIGHT THE BASIS UPON WHICH THE GOVERNMENT DEPRIVES THEM OF PROTECTED INTERESTS. IT IS UP TO YOU TO DECIDE WHETHER OR NOT THE CLASS HAS SHOWN BY A PREPONDERANCE OF THE EVIDENCE THAT DEFENDANTS' PROCEDURES DID NOT PROVIDE ADEQUATE DUE PROCESS TO CLASS PLAINTIFFS.

IN THIS CASE, CLASS PLAINTIFFS ARGUE DEFENDANTS DID NOT PROVIDE THEM ADEQUATE DUE PROCESS BY (1) NOT SERVING, OR PROVIDING, THE DETAINER REQUESTS ISSUED BY IMMIGRATION AND CUSTOMS ENFORCEMENT TO CLASS PLAINTIFFS PRIOR TO CONTINUING CLASS PLAINTIFFS' DETENTION,

OR OTHERWISE ENSURING THE DETAINER REQUESTS ISSUED BY IMMIGRATION AND CUSTOMS ENFORCEMENT WERE PROVIDED TO CLASS PLAINTIFFS; AND (2) NOT PROVIDING CLASS PLAINTIFFS WITH AN ADEQUATE PROCEDURE TO DISPUTE THEIR DETENTIONS PURSUANT TO THESE DETAINER REQUESTS.

IT IS YOUR ROLE AS THE JURY TO DECIDE IF DEFENDANTS PROVIDED ENOUGH NOTICE AND OPPORTUNITY TO CLASS PLAINTIFFS TO ADEQUATELY DISPUTE THEIR UNLAWFUL DETENTIONS. IF YOUR ANSWER IS YES, THEN YOU MUST FIND FOR DEFENDANTS ON THIS CLAIM. IF YOUR ANSWER IS NO, THEN YOU MUST FIND FOR CLASS PLAINTIFFS ON THEIR PROCEDURAL DUE PROCESS CLAIM.

## DAMAGES INTRODUCTION

NOW, LET'S RETURN TO DAMAGES. AS I SAID, THIS COURT HAS ALREADY DETERMINED THAT DEFENDANTS ARE LIABLE FOR THE UNLAWFUL DETENTION OF CLASS PLAINTIFFS UNDER THE UNITED STATES CONSTITUTION'S FOURTH AMENDMENT AND UNDER THE NEW YORK STATE CONSTITUTION. THE COURT FOUND CONGRESS DID NOT GIVE DEFENDANTS THE AUTHORITY TO ARREST

CLASS PLAINTIFFS PURSUANT TO THE DETAINER REQUESTS ISSUED BY IMMIGRATION AND CUSTOMS ENFORCEMENT DURING THE CLASS PERIOD, AND DEFENDANTS WERE NOT ACTING UNDER THE AUTHORITY OF STATE LAW WHEN THEY MADE THOSE ARRESTS. ON THOSE CLAIMS, YOU ARE TASKED WITH AWARDING CLASS PLAINTIFFS ANY DAMAGES IN AN APPROPRIATE AMOUNT CONSISTENT WITH THE LAW I AM INSTRUCTING YOU TO APPLY. IN ADDITION, IF YOU FIND DEFENDANTS ARE ALSO LIABLE ON CLASS PLAINTIFFS' PROCEDURAL DUE PROCESS CLAIM, YOU MUST DETERMINE WHAT MONETARY DAMAGES THE CLASS IS ENTITLED TO, IF ANY, ON THAT CLAIM.

THE PURPOSE OF THE LAW OF DAMAGES IS TO AWARD, AS FAR AS POSSIBLE, JUST AND FAIR COMPENSATION FOR THE LOSS RESULTING FROM DEFENDANTS' VIOLATION OF CLASS PLAINTIFFS' RIGHTS. THESE ARE KNOWN AS "MONETARY DAMAGES." MONETARY DAMAGES SEEK TO MAKE THE CLASS WHOLE—THAT IS, TO COMPENSATE THEM FOR THE INJURIES PROXIMATELY CAUSED BY DEFENDANTS' UNLAWFUL CONDUCT.

IN ALL INSTANCES, YOU ARE TO USE SOUND DISCRETION IN FIXING ANY AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU DEEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES PRESENT. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. DAMAGES NEED NOT BE PROVED WITH MATHEMATICAL PRECISION; REASONABLE APPROXIMATIONS WILL SUFFICE.

**LOSS OF LIBERTY DAMAGES**

AS WE HAVE DISCUSSED, THE COURT HAS ALREADY DETERMINED DEFENDANTS ARE LIABLE FOR THE UNLAWFUL DETENTION OF CLASS PLAINTIFFS UNDER THE UNITED STATES CONSTITUTION'S FOURTH AMENDMENT AND UNDER THE NEW YORK STATE CONSTITUTION. BY LAW, CLASS PLAINTIFFS ARE ENTITLED TO DAMAGES FOR DEFENDANTS' VIOLATION OF THESE RIGHTS. ANY MONETARY DAMAGES YOU AWARD MUST BE FAIR AND REASONABLE AND NOT DE MINIMIS OR TRIVIAL.

THE LAW PERMITS YOU TO PRESUME GENERAL DAMAGES FOR LOSS OF TIME, HUMILIATION, MENTAL SUFFERING, AND/OR LOSS OF CAPACITY FOR ENJOYMENT OF LIFE ENDURED BY CLASS PLAINTIFFS AS A RESULT OF THEIR UNLAWFUL CONFINEMENT. DAMAGES FOR LOSS OF LIBERTY FOR A PERIOD SPENT UNLAWFULLY DETAINED ARE SEPARABLE FROM DAMAGES RELATED TO INJURIES SUCH AS PHYSICAL HARM, EMBARRASSMENT, OR EMOTIONAL SUFFERING. EVEN ABSENT OTHER INJURIES, CLASS PLAINTIFFS MAY BE AWARDED COMPENSATION FOR THEIR LOSS OF LIBERTY.

NO EVIDENCE OF THE VALUE OF INTANGIBLE THINGS, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, NEED BE INTRODUCED, AND THERE IS NO EXACT STANDARD FOR FIXING COMPENSATION TO BE AWARDED FOR INTANGIBLE THINGS SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING. YOU, THE JURY, SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE AND SOUND DISCRETION TO MAKE AN AWARD THAT IS FAIR IN LIGHT OF THE EVIDENCE.

CLASS PLAINTIFFS ARE NOT REQUIRED TO PROVE LOST WAGES AS A RESULT OF THEIR UNLAWFUL DETENTION TO BE ENTITLED TO COMPENSATORY DAMAGES. THE INJURY OF LOSS OF LIBERTY IS "VIRTUALLY INSEPARABLE" FROM THE DETENTION OF A PLAINTIFF WITHOUT PROBABLE CAUSE, SO CLASS PLAINTIFFS' ENTITLEMENT TO COMPENSATION MAY BE PROVEN BY THE MERE FACT OF THEIR UNLAWFUL DETENTION ALONE. DAMAGES FOR LOSS OF LIBERTY CAN BE DETERMINED ON A CLASS-WIDE BASIS.

**PROCEDURAL DUE PROCESS VIOLATION DAMAGES**

IN THE PROCEDURAL DUE PROCESS CONTEXT, IF YOU FIND DEFENDANTS VIOLATED CLASS PLAINTIFFS' DUE PROCESS RIGHTS BY PROVIDING INADEQUATE PROCEDURES FOR THE CLASS MEMBERS TO CHALLENGE THEIR DETENTION, YOU MAY AWARD COMPENSATORY DAMAGES TO CLASS PLAINTIFFS FOR PAIN, SUFFERING, AND EMOTIONAL DISTRESS PROXIMATELY CAUSED BY THE DENIAL OF PROCEDURAL DUE PROCESS ITSELF. THAT IS, IF CLASS PLAINTIFFS HAVE PROVEN TO YOU, BY A PREPONDERANCE OF THE EVIDENCE, THAT THEY SUFFERED PAIN AND EMOTIONAL DISTRESS BECAUSE

THE PROCEDURES THEMSELVES WERE UNFAIR, YOU SHOULD AWARD THEM SUFFICIENT DAMAGES TO COMPENSATE THEM FOR ANY INJURIES PROXIMATELY CAUSED BY DEFENDANTS' CONDUCT. THESE DAMAGES CONCERN MENTAL SUFFERING AND DISTRESS SPECIFICALLY EXPERIENCED BY CLASS PLAINTIFFS BECAUSE THEY WERE DENIED FAIR PROCESS. THEY DO NOT CONCERN OR RELATE TO ANY PAIN, SUFFERING, INJURIES, OR EMOTIONAL DISTRESS THE CLASS PLAINTIFFS MAY HAVE EXPERIENCED BECAUSE OF THE ADDITIONAL TIME THEY SPENT IN DETENTION AFTER DEFENDANTS' AUTHORITY TO DETAIN THEM HAD EXPIRED. IN OTHER WORDS, TO RECOVER FOR MENTAL AND EMOTIONAL DISTRESS ON THIS BASIS, CLASS PLAINTIFFS MUST SHOW THAT THE MENTAL AND EMOTIONAL DISTRESS RESULTED FROM DEFENDANTS' ALLEGED INADEQUATE PROCEDURES THEMSELVES.

**COMPENSATORY DAMAGES**

IF YOU FIND DEFENDANTS ARE LIABLE TO CLASS PLAINTIFFS ON ANY OF THEIR CLAIMS, AND I REMIND YOU THAT THE COURT ALREADY FOUND DEFENDANTS ARE LIABLE ON TWO OF CLASS PLAINTIFFS' CLAIMS, THEN YOU

MUST AWARD CLASS PLAINTIFFS A SUM OF MONEY YOU BELIEVE WILL FAIRLY AND JUSTLY COMPENSATE THEM FOR ANY INJURY YOU BELIEVE THEY ACTUALLY SUSTAINED AS A PROXIMATE RESULT OF DEFENDANTS' MISCONDUCT.

YOU SHALL AWARD DAMAGES ONLY FOR THOSE INJURIES YOU FIND CLASS PLAINTIFFS HAVE PROVEN BY A PREPONDERANCE OF THE EVIDENCE. MOREOVER, YOU MAY NOT SIMPLY AWARD DAMAGES FOR ANY INJURY SUFFERED BY CLASS PLAINTIFFS—YOU MUST AWARD DAMAGES ONLY FOR THOSE INJURIES THAT ARE A PROXIMATE RESULT OF CONDUCT BY THE SPECIFIC DEFENDANTS WHO VIOLATED CLASS PLAINTIFFS' RIGHTS.

COMPENSATORY DAMAGES MUST NOT BE BASED ON SPECULATION OR SYMPATHY. THEY MUST BE BASED ON THE EVIDENCE PRESENTED AT TRIAL.

**DOUBLE RECOVERY AND COMPENSATORY DAMAGES**

I HAVE TOLD YOU THAT, IF YOU RETURN A VERDICT FOR CLASS PLAINTIFFS, YOU MUST AWARD THEM A SUM OF MONEY YOU BELIEVE WILL FAIRLY AND JUSTLY COMPENSATE THEM FOR ANY INJURY YOU BELIEVE THEY

ACTUALLY SUSTAINED AS A DIRECT RESULT OF DEFENDANTS' CONDUCT. IN THIS CASE, CLASS PLAINTIFFS CLAIM DEFENDANTS VIOLATED THEIR RIGHTS IN A NUMBER OF WAYS. IF YOU FIND DEFENDANTS DID, IN FACT, VIOLATE MORE THAN ONE OF CLASS PLAINTIFFS' RIGHTS, THEN YOU MUST REMEMBER, IN CALCULATING DAMAGES, THAT CLASS PLAINTIFFS ARE ENTITLED TO BE COMPENSATED ONLY FOR THE INJURIES THEY ACTUALLY SUFFERED. AS SUCH, IF DEFENDANTS VIOLATED MORE THAN ONE OF CLASS PLAINTIFFS' RIGHTS, BUT THE RESULTING INJURY WAS NO GREATER THAN IT WOULD HAVE BEEN HAD DEFENDANTS VIOLATED ONLY ONE OF CLASS PLAINTIFFS' RIGHTS, YOU SHOULD AWARD AN AMOUNT OF COMPENSATORY DAMAGES NO GREATER THAN YOU WOULD AWARD FOR THE SINGLE VIOLATION. FOR EXAMPLE, IF CLASS PLAINTIFFS SUFFERED DAMAGES OF ONE DOLLAR FOR LOSS OF LIBERTY, YOU CANNOT AWARD THEM THREE DOLLARS COMPENSATORY DAMAGES FOR LOSS OF LIBERTY BECAUSE THEY BRING THREE CLAIMS. ON THE OTHER HAND, IF DEFENDANTS VIOLATED MORE THAN ONE OF CLASS PLAINTIFFS' RIGHTS, WHICH THEY ALREADY HAVE HERE, AND ONLY IF YOU CAN IDENTIFY SEPARATE

INJURIES RESULTING FROM THESE SEPARATE VIOLATIONS, YOU SHOULD AWARD AN AMOUNT OF COMPENSATORY DAMAGES EQUAL TO THE TOTAL OF THE DAMAGES YOU BELIEVE WILL FAIRLY AND JUSTLY COMPENSATE CLASS PLAINTIFFS FOR EACH SEPARATE INJURY.

AGAIN, YOUR DUTY IS TO AWARD ANY DAMAGES IN AN APPROPRIATE AMOUNT CONSISTENT WITH THE LAW I HAVE INSTRUCTED YOU TO APPLY IN THIS CASE.

* * *

## GENERAL RULES REGARDING DELIBERATIONS

THIS BRINGS ME TO THE FINAL PART OF THESE INSTRUCTIONS: SOME GENERAL RULES REGARDING YOUR DELIBERATIONS.

YOU ARE ABOUT TO GO INTO THE JURY ROOM AND BEGIN YOUR DELIBERATIONS. IF, DURING THOSE DELIBERATIONS, YOU WANT TO SEE ANY OF THE EXHIBITS, YOU MAY REQUEST THAT THEY BE BROUGHT INTO THE JURY ROOM. IF YOU WANT ANY OF THE TESTIMONY READ BACK TO YOU, YOU MAY ALSO REQUEST THAT. PLEASE REMEMBER THAT IT IS NOT ALWAYS EASY TO

LOCATE PRECISELY WHAT YOU MIGHT WANT, SO BE AS SPECIFIC AS YOU POSSIBLY CAN IN REQUESTING EXHIBITS OR PORTIONS OF THE TESTIMONY.

YOUR REQUESTS FOR EXHIBITS OR TESTIMONY—IN FACT, ANY COMMUNICATION WITH THE COURT—MUST BE MADE TO ME IN WRITING AND GIVEN TO ONE OF THE COURT SECURITY OFFICERS. TO ENSURE THE ABILITY OF THE COURT TO READ THE NOTE, THE FOREPERSON OF THE JURY SHOULD PRINT THE NOTE AND THEN SIGN HIS OR HER NAME. IN ANY EVENT, UNDER NO CIRCUMSTANCES SHOULD YOU TELL ME OR ANYONE ELSE HOW THE JURY STANDS ON ANY ISSUE UNTIL AFTER A UNANIMOUS VERDICT IS REACHED.

YOU ALSO MAY NOT USE ANY ELECTRONIC DEVICE OR MEDIA, SUCH AS A CELL PHONE, SMART PHONE, OR COMPUTER OF ANY KIND; THE INTERNET, ANY INTERNET SERVICE, OR ANY TEXT OR INSTANT MESSAGING SERVICE; OR ANY INTERNET CHAT ROOM, BLOG, WEBSITE, OR SOCIAL NETWORKING SERVICE TO COMMUNICATE TO ANYONE ANY INFORMATION ABOUT THIS CASE OR TO CONDUCT ANY RESEARCH ABOUT THIS CASE UNTIL I ACCEPT YOUR VERDICT.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE TO REACH AN AGREEMENT. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT YOU SHOULD DO SO ONLY AFTER CONSIDERING THE CASE WITH YOUR FELLOW JURORS. AND YOU SHOULD NOT HESITATE TO CHANGE YOUR OPINION IF OR WHEN CONVINCED THAT YOUR VIEW IS ERRONEOUS. YOUR VERDICT MUST BE UNANIMOUS, BUT YOU ARE NOT BOUND TO SURRENDER YOUR HONEST CONVICTIONS CONCERNING THE EFFECT OR WEIGHT OF THE EVIDENCE FOR THE MERE PURPOSE OF RETURNING A VERDICT SOLELY BECAUSE OF THE OPINION OF OTHER JURORS. DISCUSS AND WEIGH YOUR RESPECTIVE OPINIONS DISPASSIONATELY—WITHOUT REGARD TO SYMPATHY, PREJUDICE, OR FAVOR FOR ANY PARTY—AND ADOPT THE CONCLUSION THAT, IN YOUR GOOD CONSCIENCE, APPEARS TO BE IN ACCORDANCE WITH THE TRUTH.

AGAIN, EACH OF YOU MUST MAKE YOUR OWN DECISION ABOUT THE PROPER OUTCOME OF THIS CASE BASED ON YOUR CONSIDERATION OF THE

EVIDENCE AND YOUR DISCUSSIONS WITH YOUR FELLOW JURORS. YOU SHOULD, AND I AM SURE YOU WILL, TREAT EACH OTHER WITH RESPECT.

**SELECTION OF FOREPERSON AND RETURN OF VERDICT**

WHEN YOU RETIRE TO THE JURY ROOM, YOU SHOULD ELECT ONE MEMBER OF THE JURY AS YOUR FOREPERSON. THAT PERSON WILL PRESIDE OVER THE DELIBERATIONS AND SPEAK FOR YOU HERE IN OPEN COURT.

I HAVE PREPARED A SPECIAL VERDICT SHEET FOR YOU TO USE IN RECORDING YOUR DECISION. THE SPECIAL VERDICT SHEET IS MADE UP OF QUESTIONS CONCERNING THE ISSUES IN THIS CASE. YOUR ANSWERS MUST REFLECT THE CONSCIENTIOUS AND UNANIMOUS JUDGMENT OF EACH JUROR. YOU SHOULD ANSWER EVERY QUESTION EXCEPT WHERE THE VERDICT SHEET INDICATES OTHERWISE.

ALTHOUGH EACH JUROR WILL HAVE A VERDICT SHEET, ONLY ONE COPY SHOULD BE FILLED OUT, SIGNED AND DATED BY THE FOREPERSON, AND RETURNED TO THE COURTROOM. AFTER YOU HAVE REACHED A VERDICT, ADVISE THE OFFICER OUTSIDE YOUR DOOR THAT YOU ARE READY TO RETURN

TO THE COURTROOM. WHEN YOU START DELIBERATING, DO NOT TALK TO ME OR TO ANYONE EXCEPT ONE ANOTHER ABOUT THE CASE. YOU MAY NOT USE ANY ELECTRONIC DEVICE OR SOCIAL MEDIA UNTIL I ACCEPT YOUR VERDICT. IF YOU HAVE QUESTIONS OR MESSAGES FOR ME, YOU MUST WRITE THEM DOWN ON A PIECE OF PAPER SIGNED BY THE JURY FOREPERSON AND GIVE IT TO THE COURT SECURITY OFFICER WHO WILL IN TURN GIVE IT TO ME.

I STRESS THAT YOU SHOULD BE IN AGREEMENT WITH THE VERDICT THAT IS ANNOUNCED IN COURT. ONCE YOUR VERDICT IS ANNOUNCED BY YOUR FOREPERSON IN OPEN COURT AND OFFICIALLY RECORDED, IT CANNOT ORDINARILY BE REVOKED.

REMEMBER DURING DELIBERATIONS THAT THE DISPUTE BETWEEN THE PARTIES IS, FOR THEM, NO PASSING MATTER. THEY AND THE COURT RELY UPON YOU TO GIVE FULL AND CONSCIENTIOUS DELIBERATION AND CONSIDERATION TO THE ISSUES AND EVIDENCE BEFORE YOU. BY SO DOING, YOU CARRY OUT TO THE FULLEST YOUR OATH AS A JUROR TO WELL AND TRULY TRY THE ISSUES OF THIS CASE AND TO RENDER A TRUE VERDICT.

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN, NEW YORK 11201
NOVEMBER 7, 2025