UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOAQUIN ORELLANA CASTANEDA, et al.,

        *Plaintiffs*,

v.

COUNTY of SUFFOLK and
SUFFOLK COUNTY SHERIFF'S OFFICE, et al.,

        *Defendants*.

Case No. 2:17-cv-04267-WFK-ARL

**CLASS PLAINTIFFS' MEMORANDUM IN SUPPORT OF CLASS PLAINTIFFS' SUPPLEMENTAL SUBMISSION OF ADDITIONAL ATTORNEYS' FEES AND COSTS[1]**

On November 7, 2025, after more than eight years of hard-fought litigation, a unanimous jury awarded $75 million as compensation for the unlawful detention of the class plaintiffs and also found Defendants[2] liable for violating the class's procedural due process rights, returning a $37 million verdict on that count, for a total verdict of $112,000,000 for a certified class of about 675 individuals. On November 25, 2025, pursuant to 42 U.S.C. § 1988, Class Plaintiffs sought an award of reasonable attorneys' fees and costs (Dkt. 298)—reserving the right to supplement that submission for other costs (including trial costs) not available to be itemized at the time of that application. On December 3, 2025, Magistrate Judge Arelene R. Lindsay granted the Parties' joint motion to Order an agreed upon briefing schedule—which included a provision for this

---

[1] Class Plaintiffs incorporate all the arguments made in their November 25, 2025 Motion for Attorney's Fees and Costs (Dkt. 298) here, to justify these supplemental fees and costs.

[2] All capitalized terms maintain the definitions set forth in the Memorandum of Law in Support of Class Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards. Dkt. 298.

supplemental submission.  *See* Dkt. 298.  Class Plaintiffs seek supplemental attorneys' fees in the amount of $110,915.70 and supplemental costs in the amount of $40,956.00.[3]

## I. CLASS COUNSELS' SUPPLEMENTAL FEES

In addition to the fees accrued in connection with the litigation of the case itself, a prevailing party may receive fees for time spent on the application for attorneys' fees itself.  *See Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1059 (2d Cir. 1995) (quoting *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979), *aff'd*, 448 U.S. 122 (1980)) ("The [district] judge should have evaluated the worth of the [time spent preparing the fee application], since time reasonably spent by plaintiff's attorneys in establishing their fee would be compensable."); *John v. Demaio*, 15 CV 6094 (NGG) (CLP), 2016 WL 7469862, at *11 (E.D.N.Y. Sep. 29, 2016) (finding time spent on fee application is compensable); *Rosado v. City of New York*, No. 11 Civ. 4285 (SAS), 2012 WL 955510, at *2 (S.D.N.Y. Mar. 15, 2012) ("Furthermore, a prevailing party is also entitled to reimbursement for time reasonably expended in preparing his attorneys' fee application."); *Tucker*, 704 F. Supp. 2d at 358 (stating that time spent devoted to a fee application is generally compensable); *Davis v. City of New Rochelle*, 156 F.R.D. 549, 560 (S.D.N.Y. 1994) (finding compensable "time reasonably spent by plaintiff's attorneys in

---

[3] Class Plaintiffs respectfully reserve the right to supplement this submission both to account for fees and costs incurred in connection with this submission, in addition to Defendants' recently filed post-trial omnibus motion (Dkt. 302) and any appeal of this case.  In civil rights cases, the principle that "citizens must have the opportunity to recover what it costs them to vindicate these rights in court . . . applies not only to the costs of obtaining a favorable judgment, but also to the cost of successfully defending that judgment against . . . post-trial motions."  *Weyant*, 198 F.3d 311, 316 (2d Cir. 1999) (citing *Quarantino v. Tiffany & Co.*, 166 F.3d 422,424-28 (2d Cir. 1999) and *Daily v. Societe Generale*, 108 F.3d 451, 461 (2d Cir. 1997).  This principle also applies to costs for successfully defending against an appeal.  *Id.*; *see, e.g., Murphy v. Lynn*, 118 F.3d 938, 952–53 (2d. Cir.1997) (awarding prevailing § 1983 plaintiff attorney's fees for successful defense of appeal), cert. denied, 522 U.S. 1115 (1998); *see also Orchano v. Advanced Recovery, Inc.*, 107 F.3d at 101 (awarding fees to prevailing plaintiff for successful prosecution of appeal from order denying requested attorney's fees).

In addition, Class Plaintiffs reserve the right to seek an Order allowing for class administration, notice and related fees once Class Plaintiffs provide their distribution plan to the Court for approval.

2

establishing their fee' pursuant to fee-shifting statutes, such as § 1988") (quoting *Gagne*, 594 F.2d at 344.); *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183–84 (2d Cir. 1996).

Accordingly, Class Plaintiffs seek fees for each such attorney and paralegal whose work is the subject of this motion or whose time was not otherwise reflected in the previous submission for fees. As for Winston & Strawn LLP fees, these supplemental fees are discounted as follows:

      a) For all timekeepers, the proposed lodestar rate is at least 30% less than those timekeepers' current prevailing rates;

      b) Eliminating all time charges for first year associates and charges for various support staff (e.g., docketing, e-discovery, library services, etc.).

Tuma Decl. ¶ 6.

| Winston & Strawn LLP's Discounted Supplemental Fees ||||
| Timekeeper | Role | Discounted Rate | Total Hours | Discounted Lodestar |
|---|---|---|---|---|
| Badini, Aldo | Partner | $1,337.00 | 28.9 | $38,639.30 |
| Tuma, Michelle | Associate | $906.00 | 6.15 | $5,571.90 |
| Jacobson, Jara | Associate | $689.00 | 4.7 | $3,238.30 |
| King, Andrew | Associate | $595.00 | 59.6 | $35,462.00 |
| Correa Gaviria, Hector | Associate | $595.00 | 27.7 | $16,481.50 |
| Kyritsopoulos, Corinne | Senior Paralegal | $297.00 | 4.1 | $1,217.70 |
| TOTAL ||| 131.15 | $100,610.70 |

As for LatinoJustice PRLDEF, proposed lodestar rate is again lowered by at least 10% than its timekeepers' current prevailing rates.[4]

---

[4] *See* Perez Decl. ¶¶ 4–8 for an in-depth justification of LatinoJustice PRLDEF's supplemental attorneys' fees.

3

| LatinoJustice PRLDEF's Discounted Supplemental Fees ||||| 
|---|---|---|---|---|
| Timekeeper | Role | Discounted Rate | Total Hours | Total Lodestar |
| Perez, Jose | Deputy General Counsel | $630.00 | 5.0 | $3,150.00 |
| Case, Andrew | Supervising Counsel | $495.00 | 7.0 | $3,465.00 |
| Cordero, Stephanie | Senior Counsel | $450.00 | 7.2 | $3,240.00 |
| Umana-Melendez, Nancy | Paralegal | $90.00 | 5.0 | $450.00 |
| | TOTAL | | 24.2 | $10,305.00 |

Together, the total attorneys' fee sought in this supplemental submission amounts to $110,915.70.

## II. SUPPLEMENTAL COSTS

Class Plaintiffs also seek to recover costs associated with trial that were not yet available at the time of filing of their November 25, 2025 Motion for Attorney's Fees and Costs. Tuma Decl. ¶ 9; Perez Decl. ¶¶ 9–12. These costs total $40,956.00.

## III. TOTAL COSTS

The November 25, 2025 request for attorneys' fees and costs sought reimbursement of $5,669,634.06 in fees as well as costs and disbursements in the amount of $80,651.11. In conjunction with the additional costs and fees described in this supplemental submission, the total amount of all attorneys' fees and costs sought as of this submission is $5,780,649.76 in fees and $121,607.11 in costs.

4

IV. **CONCLUSION**

For the foregoing reasons, Class Plaintiffs respectfully request that the Court grant Class Plaintiffs' request for a total amount of attorneys' fees in the amount of $5,780,649.76 and costs in the total amount of $121,607.11.[5]

Dated: December 12, 2025
New York, New York

Respectfully submitted,

WINSTON & STRAWN LLP

/s/ *Aldo A. Badini*
Aldo A. Badini
Michelle D. Tuma
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
abadini@winston.com
mtuma@winston.com

Andrew Case
José Pérez
Stephanie Cordero
LATINOJUSTICE PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 219-3360
acase@latinojustice.org
jperez@latinojustice.org
scordero@latinojustice.org

*Counsel for Class Plaintiffs*

---

[5] Pursuant to U.S.C. § 1920, contemporaneously with this submission, Class Counsel will file a Bill of Costs requesting $4,010.77. The November 25, 2025 Fee Motion included $26,797.61 in costs that were recoverable under U.S.C. § 1920; however, given those costs were already requested, they are therefore not included in the Bill of Costs submitted today.