UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
JOAQUIN ORELLANA CASTANEDA, et al.,

                            Plaintiffs,

        -against-                                      **ORDER**
                                                       17-CV-4267 (WFK) (ARL)
COUNTY OF SUFFOLK, et al.,

                            Defendants.
--------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**          .

Before the Court, on referral from District Judge Kuntz, is the class plaintiffs' Motion for Attorneys' Fees, Costs and Service Awards.  For the reasons set forth below, the motion is denied with leave to renew following District Judge Kuntz's determination of the defendants' Motion to Set Aside the Verdict under Fed. R. Civ. P. 59 and Motion for a Judgment as a Matter of Law under Fed. R. Civ. P. 50 as well as any anticipated appeal.

## BACKGROUND

The Court presumes familiarity with the facts and procedural history of this case and only includes those facts that are necessary for the resolution of the instant motion.

The plaintiffs, Joaquin Orellana Castaneda ("Castaneda") and German Hernandez Argueta ("Argueta"), commenced this class action lawsuit on July 18, 2017, seeking monetary relief for the harm suffered by themselves and others who were detained based on a suspicion that they are non-citizens.  The crux of the plaintiffs' claim is that, during the time period at issue, it was the policy of the Suffolk County Sheriff's Office ("SCSO") to blindly honor detainer requests from Immigration and Customs Enforcement ("ICE") resulting in the arrests and unlawful detention of scores of otherwise free people, without probable cause, in violation of the Fourth and Fourteenth Amendment to the United States Constitution and the First Article of

1

the New York State Constitution.  After more than eight years of litigation, a five-day jury trial was held before District Judge Kuntz in November 2025, and the jury awarded the class plaintiffs $75 million as compensation for their unlawful detention.  The jury also found the defendants liable for violating the class's procedural due process rights, returning a $37 million verdict on that count, for a total verdict of $112,000,000 for a certified class of about 675 individuals.

On November 25, 2025, the class plaintiffs filed the instant motion arguing that as the prevailing parties on their federal constitutional claims brought under 42 U.S.C. § 1983, they were entitled to an award of reasonable attorneys' fees and costs.  That motion was referred to the undersigned on December 1, 2025.  Nine days later, the defendants filed their Motion to Set Aside the Verdict under Fed. R. Civ. P. 59 and Motion for a Judgment as a Matter of Law under Fed. R. Civ. P. 50.  The defendants' motion was fully briefed by February 27, 2026, and oral argument was held on March 31, 2026.  District Judge Kuntz reserved decision on the outstanding motions, which remain *sub judice*.

**DISCUSSION**

"In considering a motion for attorney's fees, 'the threshold issue . . . is always entitlement.'" *RVC Floor Decor, Ltd. v. Floor & Decor Outets of Am., Inc.*, No. CV 19-4894 DRH ARL, 2021 WL 4134796, at *1 (E.D.N.Y. Aug. 18, 2021), report and recommendation adopted sub nom. *RVC Floor Decor, Ltd. v. Floor & Decor Outlets of Am., Inc.*, 19 CV 4894 DRH ARL, 2021 WL 4133744 (E.D.N.Y. Sept. 10, 2021) (citing *Universal Physician Services, LLC v. Del Zotto*, No. 8:16-cv-1274-T-36JSS, 2017 WL 343905 at *2 (M.D. Fla. Jan. 6, 2017)).  Although the "American Rule" generally requires each party to bear its own attorneys' fees, courts may award attorneys' fees where there is explicit statutory authority to do so.  *Id.*

(citing *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Res.*, 532 U.S. 598, 602-03, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001); *Key Tronic Corp. v. United States*, 511 U.S. 809, 819, 114 S. Ct. 1960, 128 L. Ed. 2d 797 (1994). In this case, the class plaintiffs claim entitlement under 42 U.S.C. § 1988.

"In 1976, Congress adopted the Civil Rights Attorney's Fees Awards Act. 90 Stat. 2641." *Lackey v. Stinnie*, 604 U.S. 192, 199, 145 S. Ct. 659, 666, 221 L. Ed. 2d 63 (2025). "Th[at] law provides that, in actions brought under certain civil rights statutes - including 42 U.S.C. § 1983 – 'the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.'" *Id.* (citing 42 U.S.C. § 1988(b)). However, as the *Lackey* court explained:

> At the time § 1988(b) was adopted, Black's Law Dictionary defined "prevailing party" as the party "who successfully prosecutes the action or successfully defends against it." Black's Law Dictionary 1352 (rev. 4th ed. 1968). It explained that prevailing party status "does not depend upon the degree of success at different stages of the suit, but whether, at the end of the suit, or other proceeding, the party who has made a claim against the other, has successfully maintained it." *Ibid.*; accord, Ballentine's Law Dictionary 985 (3d ed. 1969). A prevailing party, in other words, is "[t]he party ultimately prevailing when the matter is finally set at rest." Black's Law Dictionary 1352.

*Id.* The Supreme Court went on to note that "precedents interpreting § 1988(b) establish that a plaintiff 'prevails' when a court grants enduring judicial relief that materially alters the legal relationship between the parties. *Id.*

Here, the case has not been "set at rest." In the motion pending before Judge Kuntz, the defendants claim that several substantial errors in the conduct of the trial warrant judgment as a matter of law or at the very least a new trial. The defendants have also made it clear that they intend to appeal various legal rulings from earlier in the case. Under these circumstances, the undersigned finds that delaying resolution of the class plaintiffs' Motion for Attorneys' Fees is

3

the most prudent course of action.  *See Mhany Mgmt. Inc. v. Inc. Vill. of Garden City,* 44 F. Supp. 3d 283, 285 (E.D.N.Y. 2014) ("Where the losing party takes an appeal on the merits of case, the district court has the discretion to defer ruling on the prevailing party's motion for attorney's fees.").  Accordingly, the motion is denied with leave to renew to the undersigned pursuant to Judge Kuntz's referral after the defendants' Motion to Set Aside the Verdict under Fed. R. Civ. P. 59 and Motion for a Judgment as a Matter of Law under Fed. R. Civ. P. 50 is decided and any anticipated appeal on the merits has been concluded.

Dated:   Central Islip, New York                    **SO ORDERED:**
         May 12, 2026

                                          _____/s_____
                                          ARLENE R. LINDSAY
                                          United States Magistrate Judge

4